1842.

Lane
v.
Stebbins.

LANE vs. STEBBINS & STEBBINS.

The court of chancery compels a discovery in aid of the prosecution of a suit at law, upon the same principles and to the same extent that it compels a discovery in aid of the defence of a suit.

A party to a suit at law cannot be compelled to discover the grounds of his claim in such suit. But the complainant in a bill of discovery must state some fact, which is material to the prosecution or defence of the suit at law, which he wishes to establish by the answer to the bill.

It is not sufficient, in a bill of discovery, for the complainant to aver that the matters as to which a discovery is sought are material to his defence in the suit at law; but he must state his case in such a manner, in his bill, that the court can see how the matters of which a discovery is asked may be material, upon the trial of the suit at law.

August 2.     THIS was an appeal from a decision of the vice chancellor of the first circuit overruling a demurrer to a bill of discovery. The object of the bill was to obtain a discovery to aid the complainant in a suit at law; or rather to aid him in resisting an offset, which the defendants had claimed in the suit at law, in a notice annexed to a plea of the general issue which had been pleaded in that suit. The complainant after stating the commencement of the suit at law, and the bills of particulars of the demands or claims of the parties respectively as they had been furnished by such parties in that suit, alleged that the defendants were brokers and dealers in stocks in the city of New-York, and were such at the several times mentioned in the bill of particulars of their claim of set off. He further alleged that they claimed to charge him with cash paid, in July, 1838, for fifty shares of the stock of the State Bank of Illinois, at the price of $101,87 a share, in addition to their charges for commissions in making the purchase; which stock they claimed to have held for him until October, 1839, and then to have sold the same on his account for $54 a share, including their charge for commissions on such sale; and that they also claimed that while they so held such stock for him, they hypothecated it to raise money thereon to enable them so to hold it for him. The complainant fur-

ther charged, in his bill, that during a part of the time mentioned in the bill of particulars of the defendants' set off, he was absent from New-York, in the state of Maine, and that during such absence he wrote several letters to them, of which he preserved no copies, and was therefore unable to state, and did not recollect, the contents of such letters ; that the defendants refused to permit him to look at such letters, or to inform him to whom the Illinos bank stock had been hypothecated, and when and upon what terms, or to permit him to look at the entries thereof in their books ; and that he was therefore uninformed and ignorant whether the stock was ever hypothecated, and if so how often, and to whom, and for what sums ; in all which particulars he was advised it was his right to be informed by the defendants ; and that without a discovery of such particulars, as he was advised by his counsel and verily believed, it was unsafe for him to proceed to the trial of his action at law.   He therefore prayed a discovery as to who were the holders of such stock, between the 4th of August, 1838, and the alleged sale thereof, on his account, in October, 1839 ; whether the same was for any length of time, and when, and how long, and how often, held by the defendants ; whether the same was hypothecated or transferred between those periods, and if so, when and to whom, and how often, and for what sums of money.   The bill also contained allegations, substantially the same, as to claims made by the defendants arising upon alleged purchases and sales of stock of the Bank of Kentucky and other institutions, at different times ; in relation to which he prayed for a full discovery of all the particulars.   The bill further charged that, for the purpose of inducing the complainant to engage in the purchase of stocks, H. G. Stebbins, in behalf of himself and the other defendant, who was his partner, proposed to purchase and sell stocks for him at half brokerage ; that upon the complainant's departure from New-York, in May, 1839, he gave instructions to the said H. G. Stebbins, that the defendants should not let any stocks, in which he might be interested, which should

be in their hands or over which they could exercise any control, fall on his hands; that a short time previous to such departure, the said H. G. Stebbins proposed and stated in effect, to the complainant, that if any stocks which should be purchased for him or on his account, on credit, could not be sold without a loss at maturity of the credit, the defendants would hypothecate such stocks until they could be sold; that he also stated that stocks of good character yielding an interest or dividend of eight per cent would not remain long under par, so long as they could be hypothecated at seven per cent, and that the complainant therefore ran no risk in purchasing stocks, as to all of which matters the complainant alleged he had no means of proving the same except by the discovery of the defendants; and that he was advised by his counsel that such discovery was material and necessary to the prosecution of his suit at law, and without which discovery he could not safely proceed to trial in such suit.

The defendants answered and denied the allegations in the bill as to the proposal to purchase and sell stocks for the complainants for half brokerage; as to the instructions relative to suffering stocks to fall on the complainant's hands; and as to the promise to hypothecate the stocks purchased on a credit until they could be sold without loss, &c. And as to the residue of the discovery sought by the bill the defendants demurred, upon the ground that the case made by the bill did not entitle the complainant to a discovery.

*F. B. Cutting*, for the appellants.

*G. N. Titus*, for the respondent.

THE CHANCELLOR. The object of the bill in this case appears to be to obtain a discovery, for the purpose of resisting a claim of set off on the part of the defendants to the complainant's suit at law. And if a proper case for discovery, in other respects, is made by the bill, there cannot be a reasonable doubt that this court is bound to lend its

aid in compelling the discovery sought, in the same manner and to the same extent as if these defendants had brought a suit at law against him to recover the several sums which they now seek to set off in the action brought by him in the superior court. I think, however, the bill is defective in not stating a case which shows that the discovery sought is material to resist an illegal or inequitable claim of set off. On the contrary, it appears to be a mere fishing bill, at least in the part thereof which is demurred to, for the purpose of ascertaining the grounds of the claim of set off specified in the bill of particulars furnished by the defendants in the suit at law. The complainant does not, in this part of his bill, set forth any matter material to his defence against the alleged claim of set off which cannot be proved without the discovery sought of the defendants. It therefore appears to come within the decision of Lord Rosslyn in *Joy* v. *Kelcewich,* (2 *Ves. Jun.* 679 ;) where the complainant was not allowed a discovery of the facts upon which the defendant relied to support his claim in the suit at law. In the case of *Newkirk and wife* v. *Willett,* (2 *John. Ca.* 413,) the court for the correction of errors in this state held that such a bill could not be sustained. Mr. Justice Kent, in delivering the opinion of the court in that case says, " Unless the party calling for the discovery will state some matter of fact material to his defence, which he wishes to substantiate by the confession of the defendant, the court will not enforce a discovery." It is not sufficient in a bill of discovery to allege that the matters as to which a dis= covery is sought are material to the defence ; but the com= plainant must state his case in such a manner that the court will be able to see how they may be material on the trial of the suit at law. (3 *John. Ch. R.* 47.) In the case of *Metcalf* v. *Harvey,* (1 *Ves. Sen.* 249,) Lord Hardwick appears to have decided that a person in possession of an estate, against whom another had brought an ejectment, might bring a bill against the plaintiff in that suit to com= pel him to discover the title under which he claimed to

1842.

Lane
v.
Stebbins.

oust the complainant of the possession of the premises. This case, however, does not seem to have been followed in England ; and it also appears to be inconsistent with the subsequent decision of his lordship, in *Burden* v. *Dore*, (2 *Ves. Sen.* 445.) And it is certainly in conflict with the cases of *Joy* v. *Kekewich*, and of *Newkirk and wife* v. *Willett*, before referred to, and with the case of *Adderly* v. *Sparrow*, cited by Lord Redesdale in his valuable treatise on equity pleading. (*Mitf.* 190.) Chancellor Kent put his decision in *Kimberly* v. *Sells*, (3 *John. Ch. Rep.* 467,) upon the special circumstances of that case, without intending fully to endorse the opinion of Lord Hardwick in *Metcalf* v. *Harvey*. In the case under consideration I think it impossible to sustain the decision of the vice chancellor, as to the discovery sought, without opening a door to every person who is sued at law to file a bill of discovery calling upon his adversary to state the grounds of his claims, instead of applying to the court of law for the particulars of the plaintiff's demand against him ; which bills of particulars the courts of law always direct to be given, so far as is necessary, for the purpose of enabling the defendant to know what the precise nature of the claim of his adversary is.

The order overruling the demurrer of the appellants must, therefore, be reversed ; and the demurrer must be allowed, with costs. And the proceedings are to be remitted to the vice chancellor.

Order accordingly.