HYMAN LISKER *vs.* MICHAEL MONTI *et al.*

JULY 30, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J.  This is a bill of interpleader brought against four respondents by the complainant who is holding, under a certain agreement, the sum of $1500 pending the determination of the claims of the respondents thereto. It is alleged in the bill that one of them has demanded that the complainant pay to him the entire sum of $1500; that two of them have called upon the complainant to pay them jointly such sum; while the fourth respondent has requested payment to him of a part of such amount.

The bill first prays that a decree of interpleader be entered by the superior court. In accordance with that prayer such a decree was duly entered, and thereafter the parties were heard on bill, answers and proof respecting the merits of their claims to the above fund. After such hearing the trial justice entered a decree awarding from said $1500 the sum of $100 to the complainant for services in bringing the instant bill; to the respondent John Lyons the sum of $75; to the respondent Michael Monti the sum of $600; and to the respondents John Trementozzi and Edmund Delmonico the sum of $362.50 each. From the entry of that decree only the respondent Michael Monti has prosecuted an appeal to this court. Hereinafter the various respondents will be referred to by their respective names. Monti is a member of the bar and it is his contention that he is entitled to the $1500 in question in payment for legal services which he allegedly rendered Trementozzi and Delmonico while acting as their attorney. They, however, take

the position that his claim for $1500 is excessive in the circumstances.

The evidence discloses that about August 31, 1945 Monti was retained professionally by Trementozzi and Delmonico admittedly for the purpose of having him examine the title to certain property which they had agreed to purchase, and also, according to the contention of Monti, for the added purpose of aiding them if possible to obtain their release from a written contract which they had entered into with Lyons on August 28, 1945. This contract obligated them to purchase for the sum of $25,000 a certain restaurant and night club located in the city of Warwick. Of the above sum, $10,000 had been deposited with the complainant, who had acted as attorney for the parties in making the contract, and the remaining $15,000 was to be paid in accordance with certain of its terms.

According to a provision in such contract, before the actual conveyance of the night club would be made and the remaining $15,000 of the purchase price therefor paid to Lyons a favorable action by the licensing authorities of the city of Warwick was to be obtained, permitting a transfer to Trementozzi and Delmonico of the liquor license which was then held by Lyons for the premises in question. In the meantime under the terms of the contract of sale the prospective purchasers were allowed by Lyons to take possession of the night club and operate it. He also formally made an application to the proper authorities in Warwick for the transfer of his liquor license as above referred to.

The evidence further shows that after being employed as aforesaid by Trementozzi and Delmonico, Monti engaged a surveyor to make a plat of the night club property, as a question had arisen respecting the exact amount of land to be conveyed under the contract, a parcel used for parking purposes and apparently not owned by the seller being in issue. In addition Monti testified that he felt it advisable to employ another attorney to take up with the Warwick authorities the matter of the transfer of the liquor license

from Lyons to Trementozzi and Delmonico. Hearing on the application for the transfer was continued several times and no formal decision of the license authorities was apparently made before the parties had adjusted their differences.

Monti represented his clients Trementozzi and Delmonico during the month of September 1945 and finally toward the latter part of that month it was agreed by all the parties to rescind the contract for the sale of the night club. In that connection the only matter open was an accounting covering the period during which Trementozzi and Delmonico as prospective buyers had been in possession of the property. About October 1, 1945 they asked Monti what his bill for services would be and he told them $1500. They considered this too high and after some discussion discharged him and employed another attorney. Thereupon the complainant was notified by Monti that he was claiming a lien for $1500 on the $10,000 fund then in the former's hands. Within a few days thereafter an accounting between the parties was agreed to, the contract in question was rescinded, and the complainant retained from the $10,000, which he had been holding as part of the purchase price of the property, the sum of $1500, which amount he still has. Its proper disposition is the question in this cause.

The elements which enter into and govern the determination of the reasonableness of the fee for an attorney's services have been established in this state for many years. These elements are fully set out in *Gorman* v. *Banigan,* 22 R. I. 22, and need not be repeated here. They have been applied in later cases. See *Page* v. *Avila,* 55 R. I. 52, and *Higgins* v. *Farnum Co.,* 61 R. I. 262, and we declare that they are still applicable to the determination of the question presented herein. We are satisfied from an examination of the decision of the trial justice that he did not misconceive these necessary elements but that, on the contrary, he

fully understood them and, in the exercise of his sound judgment, applied them to the evidence before him.

Monti, however, argues that the trial justice was misled by references in *Page* v. *Avila, supra,* to an allowance of $5 per hour for certain legal services under consideration therein. An examination of that case makes it clear that such an allowance was for a special type of work and applied only to the matter the court was then deciding. Obviously each case of this nature must be determined on its own peculiar facts. No absolute figure for services per hour, suitable for application in every case, can be established for any particular kind of legal work; nor was that the intention in the *Page* and *Higgins* cases, *supra.* Furthermore, conditions change and what may have been a reasonable allowance in a particular set of circumstances may not meet that requirement in the same circumstances at another time, or in different circumstances. In our opinion the trial justice in making his decision understood the situation as shown by the evidence, and was not misled into giving undue importance to the allowance in the *Page* case of $5 per hour for a certain kind of legal work.

The evidence is conflicting as to the amount and nature of the services performed by Monti. It is admitted that no litigation was pending and that he was not required to appear in court or draft legal papers for his clients. He testified in substance that during the month of September he devoted considerable time, often after hours and on Sundays, in consulting his clients, examining the contract covering the sale of the night club, considering the extent of the property intended to pass thereunder and the state of its title, working on the matter of the transfer of the liquor license to his clients, consulting with the complainant, eventually arranging for a rescission of the contract, and attending to other details of the situation.

On the other hand, Trementozzi and Delmonico testified in general that he did not spend much time on their affairs; that at most he consulted them only eight or nine times and

not at any great length; that they were primarily interested in the state of the title to the night club property and the amount of land they were to get; and that when it appeared a third person had a claim on part of it they were not interested in proceeding with the transaction.

In fixing the amount of his bill it is clear that Monti relied chiefly on the sum involved and what he contended was the result obtained for his clients. These undoubtedly are two important elements to be taken into consideration in fixing an attorney's fee, where there has been no agreement or where litigation has been prevented or brought to a successful conclusion. However, as the trial justice pointed out in his decision, Monti furnished no records, books, or memoranda showing the time he had spent on his clients' business; nor was he able to testify regarding the amount of such time, although he was asked that question. While this item of time is not controlling nevertheless it is another important element. See Note 143 A.L.R. 672, 726.

Monti was supported as to the amount of his fee by the testimony of two attorneys of experience who stated that in their opinion he was entitled to receive $1500 to $2000 for his work. An attorney testifying for Trementozzi and Delmonico stated, among other things, that he was unable to give an opinion as to a reasonable fee unless he was given some idea of the time consumed by the attorney. All this testimony was in the nature of expert opinion evidence offered for the assistance of the trial justice which he was entitled to weigh and accept in whole or in part or reject as he saw fit.

The trial justice saw and heard the witnesses testify, an advantage we do not have. It is clear from his decision that he gave careful consideration to the question before him. That decision, reached after weighing the conflicting evidence, is entitled to persuasive force in this court. We have examined the evidence and in view of all the facts and circumstances appearing therein we cannot say that

the decision of the trial justice was clearly wrong. That being so, it must stand.

Monti has also argued several questions concerning rulings of the trial justice in refusing to strike out certain testimony given by a witness appearing on behalf of Trementozzi and Delmonico, in admitting over objection certain other testimony of such witness, and in not allowing him to be cross-examined on one point. We find no reference in Monti's claim of appeal to any of these rulings and therefore we do not consider that they are now properly before us. *Vaill* v. *McPhail*, 34 R. I. 361, 375.

The respondent Monti's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Kirshenbaum & Kirshenbaum, Frank G. Shea,* for complainant.

*Monti & Monti, Michael A. Monti and Francis A. Monti,* for respondent Michael Monti.