DECISION
Before the Court is Attorney Robert J. Sgroi's Motion for Determination of Costs and Legal Fees incurred by Defendant Macera Brothers of Cranston, Inc. in the above-entitled case.
The case concerned a contract action involving bids to the City of Warwick for the collection of residential garbage within the City. The Rhode Island Supreme Court reversed the decision entered by this Court, and granted Macera Brothers its reasonable attorneys' fees and costs for the restraining order action, the injunction action, and the appeal. This Court heard oral argument on the motion for fees and costs on November 28, 1994.
A lawyer's fee shall be reasonable. See Lisker v. Monti,74 R.I. 310, 60 A.2d 485 (1948); Rhode Island Rules of Professional Conduct, Rule 1.5. The factors to be considered in determining the reasonableness of a fee include:
 (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
 (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
 (3) the fee customarily charged in the locality for similar legal services;
 (4) the amount involved and the results obtained;
 (5) the time limitations imposed by the client or by the circumstances;
 (6) the nature and length of the professional relationship with the client;
 (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
 (8) whether the fee is fixed or contingent.
Rhode Island Rules of Professional Conduct, Rule 1.5. See alsoMcCabe v. Arcidy, 635 A.2d 446 (N.H. 1993); Lisker v. Monti,supra; Gorman v. Banigan, 22 R.I. 22, 46 A. 38 (1900). There is no precise measure of reasonableness, consequently the weight given to each factor depends on the circumstances of the particular case before the Court. McCabe v. Arcidy, supra, at 452. The burden is on the attorney requesting fees to provide sufficient evidence of his services upon which the value may be determined, including evidence as to the hours spent and the rate charged. Fischer v. Longest, 637 A.2d 517, 525 (Md. App. 1994);Presnick v. DeRosa, 532 A.2d 1309, 1311 (Conn. App. 1987);Young v. Northern Terminals, Inc., 315 A.2d 469, 472 (Vt. 1974).
After hearing argument and reviewing the statements for services rendered, the following are the fees the Court finds unreasonable.
07/01/92
 DJB Review and revise complaint, memorandum of law and affidavit. 1.00
 APG Meeting with R. Macera; Meeting with R. DiOrio; T/C K. Wild. 4.25
07/02/92
 JMR Preparation for Exhibits; correspondence to Attorney F.
 Tobin; T/C Attorney F. Tobin re: Service of Papers; T/C R.
 Macera; Office conference R. Macera. 1.00
 APG Meeting with K. Wild; Meeting with R. Macera; Various T/Cs;
 Attention to news clips; T/Cs R. DiOrio and K. Wild. 4.00
07/03/92
 APG Meeting with R. Macera; T/C R. DiOrio; T/C J. Gregory. 1.25
 JMR Correspondence to Attorney F. Tobin re: Hearing on TRO. .30
07/07/92
 APG Office conference J. Gregory; Attention to news clip; Office
 conference D. Macera; T/Cs R. DiOrio. 2.00
 DJB Review contract re: Provisions for future amendments. 1.00
07/08/92
 DJB Complete review of contract re: Amendments to contract. .30
7/09/92
 APG T/C R. Macera; T/C J. Gregory; Attention to file; Various
 T/Cs re: Bid amendments. 3.75
07/10/92
 APG Conference D. Macera and K. Wild; Conference A. Gelfuso, D.
 Macera and R. DiOrio; T/Cs K. Wild and R. DiOrio. 4.50
07/13/92
 APG Office conference D. Macera; T/Cs K. Wild; T/C J. Gregory;
 Office conference re: Council meeting; Review bids submitted
 re: Council meeting. 9.50
 DJB Preparation for meetings; Attend Finance Committee meeting;
 Attend City Council meeting. 4.00
07/14/92
 DJB Attention to contracts re: City and condominium sanitation;
 T/Cs R. Macera re: Contract. .75
 APG T/Cs R. Macera K. Wild and C. Togue; Attention to draft of
 contract; Office conference D. Baptista. 2.75
07/15/92
 APG Review and revise contracts re: Trash hauling. 2.50
07/16/92
 DJB Attention to contract and Addendum. 2.00
 APG Conference at Warwick City Hall. 1.50
07/17/92
 APG Attention to contacts; T/C to Attorney F. Cenerini. 2.50

The Court finds unpersuasive defendant's contention that 48.5 hours of legal work was necessary prior to the filing of a complaint. Therefore, the hours listed above are not granted.
At oral argument., it was contended by defendant Macera Brothers' attorney that the statements from Gelfuso Lachut pertained to all matters relating to Macera Brothers and thus contained items relating to matters which were in no way related to the case for which attorneys' fees were granted. Therefore the following time entries are not granted.
7/23/92
 PLB Office conference Attorney F. Cenerini, R. Macera and A.
 Gelfuso; Document preparation; Legal research; Amend
 verified complaint; T/C Attorney F. Tobin; prepare file for
 hearing re: Coventry matter. 7.80
 APG Prepare for hearing; Office conference R. Macera; T/C
 Superior Court Clerks Office; T/C Attorney F. Tobin. 3.50
07/24/92
 JMR Draft and prepare Memorandum of Fact. 8.00
 DJB Draft and prepare Memorandum of Law. 7.00
 JJI Draft and prepare Memorandum of Law; Attention to file;
 Meeting with D. Baptista, J. Remeaka and P. Brown 8.00
 PLB Preparation of pre-trial memorandum; Legal research. 10.00
07/25/92
 JMR Conference at Snug Harbor re: Review and Revise Memorandum
 of Fact. 3.50
7/26/92
 APG Meeting at Snug Harbor re: Review memorandum. 2.00
08/07/92
 APG Attention to documents. 2.25
08/17/92
 JMR Attend Kent County Superior Court re: Assignment of trial
 date for Preliminary Injunction; T/C R. Macera. 2.30
08/18/92
 JMR Office conference A. Gelfuso, R. Macera and J. Simoneau;
 T/C Attorney F. Tobin re: August 24th hearing date. .50
08/19/92
 JMR Office conference R. Macera and J. Simmoneau re: Pending
 hearing. 1.00
08/24/92
 JMR Attend calendar call re: Hearing on Preliminary Injunction. 3.00
09/11/92
 JMR T/C Attorney F. Cenerini re: Pending motion; Office
 conference R. Macera; J. Simoneau re: Motion to Reopen and
 Coventry hearing. 1.50
9/14/92
 PLB T/C Stenographer re; K. Wild Transcript; Document
 preparation re: Order Motion to Amend Verified
 Complaint. .50
9/15/92
 PLB T/C C. Bestwick, court stenographer re; K. Wild
 transcript; Entry of Order at Kent County Superior Court;
 correspondence to F. Frobel; Draft and prepare Summons re:
 T J Container Systems. .60
09/16/92
 PLB Preparation for Hearing. .60

Furthermore, the billing entries listed below will be reduced by 6.3 hours to reflect the time billed which pertain to other matters.
7/30/92
 APG Review minutes of Council meeting; Attention to Notice for
 Deposition; Review documents; Attend meeting at City Hall;
 Attend hearing at Providence County Superior Court. 13.00
8/20/94
 Simoneau re: Preparation for hearing; Meeting A. Gelfuso
 and R. Macera; T/C Superior Court re: Request for
 transcript of trial; Correspondence to stenographer. 2.60
9/3/92
 Entry of Decree; T/C Attorney F. Cenerini. 2.0
9/11/92
 Kent County Superior Court; File Objection to Entry of
 revised Decree at Kent County Superior Court. 1.80

Gelfuso Lachut submitted three bills for fees and costs totaling $58,389.65 to defend this action. Adjusting the fees in accordance with the reasonable value of the services, by eliminating those which this Court finds questionable and those which do not relate to the within matter, this Court hereby grants attorneys' fees and costs to the defendant Macera Brothers in the amount of $38,763.65.
Defendant also requested reimbursement for expenses in the amount of $13,037.37. The requested expenses are granted, except for $1,373.75 payable to Strategy Corporation and $2,500.00 billed by Macera Brothers to resubmit the bid to the city of Warwick. Both of these charges do not stem from the action before the Court, but rather are a cost of doing business.
Finally, this Court finds the bill submitted by Attorney Sgroi to be reasonable, consequently Attorney Sgroi's fees are granted in their entirety.
Counsel for the defendant shall submit an appropriate order.