DECISION
Before the Court is a complaint, originally filed by Joseph Keough ("Plaintiff") in District Court, Fifth Division, against Susan Scotti ("Defendant"). The parties' professional relationship began in 1986 or 1987 when the Defendant consulted the Plaintiff and subsequently retained the Plaintiff as her counsel in order to obtain a divorce. No final judgment of divorce was entered because Defendant and her husband reconciled. Subsequently, Plaintiff forwarded a bill in the amount of $5,000 to Defendant. Defendant refused to pay, stating the requested fees were excessive and the Plaintiff's time was not adequately accounted for. Consequently, on April 1, 1988 Plaintiff filed suit in District Court for $5,000.
A trial took place on August 29, 1990, and judgment was entered for Plaintiff in the amount of $4,312.00. Thereafter Defendant appealed to this Court. The case was sent to arbitration on December 12, 1991. A hearing was held on February 27, 1992 whereby the Plaintiff was awarded $4,312.00. Said award was rejected by the Defendant on March 2, 1992 after which a non-jury trial was held on September 14, 1994 pursuant to Superior Court Arbitration Rule 5(a).
Standard of Review
When a party rejects an award, a trial shall be conducted as if no arbitration proceeding occurred. No evidence of the arbitration proceeding or facts thereof shall be admitted without the consent of all the parties. Nor may the arbitrator be deposed or called as a witness to testify concerning the arbitration proceeding. See Superior Court Arbitration Rule 5 (d)-(f).
A lawyer's fee shall be reasonable. See Lisker v. Monti,74 R.I. 310, 60 A.2d 485 (1948); Rhode Island Rules of Professional Conduct, Rule 1.5. The factors to be considered in determining the reasonableness of a fee include:
 (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
 (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
 (3) the fee customarily charged in the locality for similar legal services;
 (4) the amount involved and the results obtained;
 (5) the time limitations imposed by the client or by the circumstances;
 (6) the nature and length of the professional relationship with the client;
 (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
 (8) whether the fee is fixed or contingent.
Rhode Island Rules of Professional Conduct, Rule 1.5. Seealso McCabe v. Arcidy, 635 A.2d 446 (N.H. 1993); Lisker v.Monti, supra; Gorman v. Banigan, 22 R.I. 22, 46 A. 38
(1900). There is no precise measure of reasonableness; consequently the weight given to each factor depends on the circumstances of the particular case before the Court. McCabe v.Arcidy, supra, at 452. The burden is on the attorney requesting fees to provide sufficient evidence of his services upon which the value may be determined, including evidence as to the hours spent and the rate charged. Fischer v. Longest,637 A.2d 517, 525 (Md. App. 1994); Presnick v. DeRosa,532 A.2d 1309, 1311 (Conn. App. 1987); Young v. Northern Terminals,Inc., 315 A.2d 469, 472 (Vt. 1974).
Defendant's contention, namely, that Plaintiff did not do work on her behalf sufficient to justify his fee is not borne out by the testimony. Although Plaintiff's record keeping could certainly be improved upon, it was clear from the testimony that Defendant was the child of longtime friends of Plaintiff's parents. Defendant came to Plaintiff in the throes of an acute marital dispute and Plaintiff supplied the reassurance and immediate legal work necessary. The fact that Defendant ultimately reconciled with her husband does not serve to mitigate the amount of Plaintiff's fee. Plaintiff was a credible witness, as was his expert. Given Plaintiff's years of legal experience, particularly in the domestic relations area, and the efficiency and dispatch with which he attended to Defendant's legal needs, his bill for services was more than fair and reasonable.
After trial and after reviewing the evidence and the record, the Court finds the bill submitted by Plaintiff to be reasonable in light of the nature of the divorce proceedings, plaintiff's expertise and experience in Family Court. Consequently, Plaintiff's fee in the amount of $4,312 is granted. Plaintiff is to submit an appropriate order.