FOR THE

## COUNTY OF ORANGE.

MARCH TERM, 1849.

---

PRESENT,

.Hon. STEPHEN ROYCE, CHIEF JUDGE.
Hon. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
Hon. LUKE P. POLAND, }

---

## LEVI B. VILAS *v.* SOLOMON DOWNER.

If the exceptions, allowed and filed in the county court to the decision of that court in accepting a report of auditors, show what questions were decided by the court, it is sufficient to bring those questions regularly before the court for revision, although the exceptions to the report, which were filed in the county court, do not show that those questions were raised.

An attorney, or solicitor, is entitled to have allowed to him, for his professional services, what he reasonably deserves to have, with a proper reference to the nature of the business performed by him for his client, and his own standing in his profession for learning and skill, whereby the value of his services is enhanced to his client.

For the purpose of aiding in determining this, it is proper to receive evidence as to the prices usually charged and received for similar services by other persons of the same profession, in the same vicinity, and practising in the same court.

Vilas *v.* Downer.

When an attorney, or solicitor, is employed by a person, who has full knowledge of his rate of charges, without stipulating as to price, it may perhaps be fairly inferred, that he expected to pay at such rates, and be equivalent to an express contract to that effect.  But when the client is informed, during the pendency of a suit, of the prices which his attorney is charging for his services, his neglect to express dissatisfaction with the prices, or to dismiss the attorney from his employment, cannot be held as an acquiescence in those prices, or as binding him to pay after the same rate for future services in the same suit.

Book Account.  Judgment to account was rendered, and auditors were appointed, who reported the facts substantially as follows.

The plaintiff presented an account for services and disbursements by him, as attorney, counsellor and solicitor for the defendant in sundry suits, from 1839 to 1845.  There was no specific agreement between the plaintiff and defendant, as to the prices which the plaintiff was to receive for his services, but the plaintiff charged his usual and customary prices for similar services.  In January, 1843, the defendant requested the plaintiff to furnish him with a copy of his account, and the plaintiff did so.  The defendant, though dissatisfied with the prices and the amount of the charges, suffered the plaintiff to continue in the suits, in which he was then engaged for the defendant, until their termination, without informing him of his dissatisfaction ; and the plaintiff continued to make his accustomed charges.  Upon these facts the auditors allowed to the plaintiff the amount of his account, as charged.  The defendant claimed, that the plaintiff's charges were unreasonably high, and offered sundry witnesses,—attorneys, counsellors and solicitors of this and the neighboring counties, in this state,—to prove that the plaintiff's charges were higher, than such other attorneys, counsellors and solicitors were accustomed to charge for similar services ; to the admission of which testimony the plaintiff objected, and it was excluded by the auditors.

After the report had been returned to the county court, the defendant filed exceptions to the same, in writing, assigning, as cause, that the report was not signed by all the auditors, and that there were " sundry errors and defects apparent " upon the report.

The county court, December Term, 1848,—Redfield, J., presiding,—accepted the report, *pro forma*, and rendered judgment thereon for the plaintiff to recover the amount of his account, as charged, and interest ; to which decision the defendant excepted.

Vilas *v.* Downer.

From the bill of exceptions allowed by the court it appeared, that the defendant objected to the report, for the reason that it was not signed by all the auditors, that the auditors had not found that the charges of the plaintiff were reasonable, nor what they were worth, nor any facts, which would entitle the plaintiff to recover his charges, as allowed by the auditors, and that evidence, offered by the defendant, was rejected by the auditors.

Questions were also raised in the county court, and argued in the supreme court, in reference to the allowance of interest and the taxation of costs ; but as these questions were not decided by the supreme court, the facts in reference to them need not be detailed.

*A. P. Hunton* and *W. Hebard* for defendant.

1. The plaintiff claims, that he has a right to recover the sums charged for his services, because he has charged *his* usual and accustomed prices. The defendant insists, that that is not the rule, by which the amount, which he is liable to pay, is to be ascertained; but that the charges must be reasonable in amount. The common law mode of settling an attorney's bill by jury has been changed by the statute 2 Geo. II., c. 23, sec. 23, which statute recognizes the doctrine, that the charges must be reasonable. 1 Steph. N. P. 463, 470. And the courts do the same. *Williams* v. *Frith,* Doug. 198, *Hooper* v. *Till,* Ib., and notes. *Ford* v. *Maxwell,* 2 H. Bl. 589. *White* v. *Milner,* Ib. 357. *Winter* v. *Payne,* 6 T. R. 645. *Anderson* v. *May,* 2 B. & P. 235. The same doctrine is held in the case of *Curtis* v. *Nye,* 10 Law Rep. 121, and Ib. 226, and in 2 Chit. Pl. 69, n. 1. In England counsellors are entitled, at law, to recover nothing for their services. 3 Bl. Com. 28. In this state the statute provides for the admission of attorneys,—Rev. St. 161, § 12,—and regards them as counsellors also,—Rev. St. 162, § 25 ; 170, § 10 ; 252, § 36 ; *Ingraham* v. *Leland et al.,* 19 Vt. 304 ; and the same person may act both as attorney and counsellor in the same suit ; which furnishes a very strong reason, why the rule contended for by the defendant should be established.

2. The defendant waived no right, by not sooner objecting to the plaintiff's bill. He objected to the charges the first opportunity he had to do so before any tribunal having authority to tax them. No contract to pay the plaintiff his usual and customary prices,

for services after the bill was furnished, can be inferred from the fact, that the defendant suffered the plaintiff to continue in the suits, in which he was then engaged for the defendant, until their termination.

4. The auditors erred in rejecting the evidence offered on the part of the defendant.

*L. B. Vilas* and *J. P. Kidder* for plaintiff.

1. The exceptions to the auditor's report, filed in the county court, present only the question in reference to the signing of the report; and that question was settled by this court in *Newell v. Ex'rs of Keith,* 11 Vt. 214. The other exception presents no question in reference to any particular decision or act of the auditors. This is attempted to be avoided by the exceptions allowed by the judge, after judgment in the county court; but these are merely formal, and must have reference to those filed within the rule, and cannot be extended beyond them.

2. But if the court should regard the exceptions as reaching the whole report, then we insist, that the judgment of the county court was correct.

The report shows, that the plaintiff charged his usual prices for similar services; and this, we insist, is sufficient, *prima facie* at least, to warrant a recovery. If a client would protect himself against the customary prices of his lawyer, he must do it by special contract. It is the duty of a person, seeking the professional services of another, to inform himself as to the rates of his charges; and when he charges in conformity to that rule, the client has no reason to complain. But in this case it appears, that the defendant knew the rate of the plaintiff's charges and acquiesced in them; and it is now too late for him to dispute them. 1 Phil. Ev. 107. Greenl. Ev. 230. 15 Vt. 105. Chit. on Cont. 24. *Percival v. Blake,* 2 C. & P. 510, [12 E. C. L. 241.]

3. The evidence offered by the defendant was inadmissible. There was no offer even to confine this to evidence from witnesses of the plaintiff's rank. If other lawyers charge lower than the plaintiff for arguing a cause, this proves *nothing* but the fact itself. But if such testimony were admissible in any case, it could not be admitted here, where the defendant had impliedly contracted to pay

Vilas *v.* Downer.

the plaintiff's account. *Curtis* v. *Nye,* 10 Law. Rep. 121. *French* v. *Frazier,* 7 J. J. Marsh. 425. We have only to apply the principles of law, established in every other kind of business, to sustain the judgment of the county court. *Sherman* v. *Sherman,* 2 Vern. 276. 1 Cow. & H. Notes to Phil. Ev. 192, 194.

The opinion of the court was delivered by

POLAND, J. It is objected in this case by the plaintiff, that the various questions, which have been raised and argued upon the report of the auditors, are not properly before this court for revision, because they do not appear to have been made by the exceptions, filed to the report by the defendant in the county court. It is a well settled rule in this court, that no questions will be considered here, except such as appear, by the record, to have been raised and decided by the county court; and it is, to be sure, usual, for all the various exceptions and objections, in such cases, to be made in writing, and filed in the county court; and such exceptions do usually show, what were the questions made and decided below. But that is a mere rule of practice, which the parties or court might waive; and if the questions are raised in the county court by mere *parol* exceptions, without objection there, or by permission of the court, it cannot be objected to here, provided the decisions of the court below are placed upon the record in some other form. In this case all the questions made and decided are incorporated into the bill of exceptions, allowed and certified by the judge who presided in the county court, and are regularly before us for revision.

From the report of the auditors in this case we think it is apparent, that they allowed the plaintiff's charges, as they were presented before them, solely upon the ground, that they were charged according to his usual and customary rule of charging for his professional services, without reference to their being reasonable, or that they had been acquiesced in or assented to by the defendant. This, then, presents the question, as to what should be the rule of compensation for the services of an attorney, who is employed by a client to manage a suit, without any special agreement as to the amount of his charges for such service.

In England, and in some of the neighboring states, such questions cannot well arise, because the bills of attorneys for services

for their clients are always settled by a taxation, to be made by a master, or prothonotary, of the court; and, in actions to recover for their services, the amount is fixed by such taxation. But in this state we have no such practice; and attorneys are left, in common with every other class of citizens, who bring suits to recover the price of their labor, to commence their suits and have not only their *right* but amount of recovery determined by a jury, or by auditors, according to their choice of actions. What rule, then, should govern the triers, in fixing the amount of damages to be awarded to a plaintiff in such a case? In all other cases of employment, or hiring, where no stipulation is made as to price, the law implies a promise, or agreement, on the part of the employer, to pay the person employed such sum, as his services are reasonably worth, or as he reasonably deserves to have; and on the purchase of goods, without express stipulation as to price, the purchaser is only bound to pay what the goods are reasonably worth.

We are not able to find any reason, or authority, to distinguish the rule in relation to the employment of lawyers from that which obtains in every other employment for service. It must of course be more difficult, often, to determine what the sum should be, for service, the value of which depends much upon professional skill and learning, than in the case of mere mechanical or physical labor; but after all we think the same principles must govern both, and that in this case the auditors should have examined the plaintiff's charges, and allowed him what he reasonably deserved, with a proper reference to the nature of the business performed by him for the defendant, and his own standing in his profession for learning and skilfulness, whereby the value of his services was enhanced to the defendant.

For the purpose of aiding in the determination of the value of the plaintiff's services, we think it was proper for the auditors to receive evidence of the usual prices charged and received for similar services to those rendered by the plaintiff for the defendant by other men of the same profession with the plaintiff, in the same vicinity, and in the same courts; and that the evidence offered by the defendant for that purpose, and which was rejected by the auditors, should have been received. Such evidence could not, from the nature of the case, furnish an exact and certain rule to determine the

amount of the plaintiff's charges; as other cases, precisely like those of the defendant, might not be frequent, and other attorneys of precisely equal professional reputation and skill with the plaintiff might not be found in the vicinity; but we think such evidence would afford an approximation to the true rule to govern the plaintiff's charges. In all ordinary cases, in determining the value of services, evidence is received of what is commonly and usually charged by other persons for the like services; and in determining the value of goods, evidence is received of what similar articles are bought and sold for, in order to ascertain their value in market; and in our opinion the price of a lawyer's professional labor must be ascertained and determined by the same rule. It would be wholly unjust, to require a person employing a lawyer to manage a suit, (where of course it could not be known to either party, how long it would continue in court, or the amount of professional labor, which would be required to carry it through,) to stipulate as to the amount of his charges, or else be compelled to pay such charges, as the lawyer should see fit to make against him.

It is urged by the plaintiff in this case, that, inasmuch as the defendant gave no notice of his dissatisfaction with his charges, when he rendered his account, covering a portion of these charges, but suffered him to continue in his cases to their termination, therefore he is now precluded from objecting to their amount. Where a lawyer is employed by a person, who has a full knowledge of his rate of charges, without stipulating at all as to price, it might be fairly inferred, perhaps, that he expected to pay at such rates, and be equivalent to an express contract to pay them; but nothing appears from the report in this case, that the defendant knew anything of the plaintiff's rate of charges, until the rendering of his account. The defendant's suits were at that time in court, and there are manifest reasons, why the defendant might not desire to dismiss the plaintiff at that stage of his business, or even to express his dissatisfaction with his charges to him; and we think his mere silence upon the subject, or suffering the plaintiff to complete his then engagements, cannot fairly be construed into such an acquiescence in the amount of the plaintiff's charges, as to estop him from afterwards disputing them. It is sufficient upon this part of the case, however, to say, that the case does not appear to have been decided

at all upon that ground, either by the auditors, or the county court.

The various authorities, which have been cited by the plaintiff in support of this assent, or acquiescence, do not seem to apply to a case of this character; and in the second volume of Cowen & Hill's Notes, where the authorities are all collected, it is expressly laid down, that it only applies to *mercantile dealings and transactions.*

The judgment of the county court is therefore reversed, and the case will be recommitted to auditors.