### Sidney E. Young and Elaine P. Young
### v. Northern Terminals, Inc.

[315 A.2d 469]

No. 24-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 5, 1974

*Bloomer & Bloomer,* Rutland, for Plaintiffs.

*Donald E. O'Brien, Esq.,* Burlington, for Defendant.

**Daley, J.** This is an appeal taken by both plaintiffs and defendant from a judgment of the Rutland County Court which awarded plaintiffs' attorneys' fees in the amount of $2,000.00 and their cost of action.

The subject matter of this appeal involves the determination of reasonable attorney's fees by nature of a note which reads in part: "the maker will pay . . . a reasonable attorney's fee . . . as well as other costs of collection."

The matter at issue is the claim for this fee collected through litigation. The attorneys for the plaintiffs are the real parties in interest. Their client, the named plaintiffs, held a note against the defendant which was in default; the note was given to their present attorneys for collection. The note itself secured by a mortgage had its payment provisions accelerated as its terms provided for, and, by the efforts of the attorneys, full payment was arranged through an agreement between the parties. The note involved was in the principal sum of $33,600, payable in four installments of $8,400 each. On default of the first installment, the plaintiffs invoked the acceleration clause and declared the whole note due and payable.

Suit was brought on the note—a collection suit under former County Court Rule 9. The defendant did not enter an appearance nor did it file any pleadings, but as a result of an exchange of fifteen letters and telephone calls between the attorneys for the plaintiffs and the attorney for the defendant, a compromise was reached without the necessity of further court proceedings. The settlement agreed upon resulted in three principal payments and accelerating of the fourth and last payment scheduled for July, 1973, to be paid on January 2, 1972.

The amount of the plaintiffs' attorneys' fees not being agreed upon was left for a judicial decision by the court by agreement of the parties.

The plaintiffs' attorneys brought the matter of fees before the Rutland County Court which refused to enlarge the fee of $1,115.50 paid by the defendant, based on the lack of supporting evidence; the only evidence as to reasonable fees adduced at the hearing having been the minimum fee schedule of the Rutland County Bar. On appeal to this Court, we concurred in the action of the trial court, but remanded the cause so that the plaintiffs' attorneys could reopen the issue of proof of the value of their services and present further evidence in that regard if they be so advised. See *Young* v. *Northern Terminals, Inc.*, 130 Vt. 258, 290 A.2d 186 (1972).

Now the plaintiffs' attorneys come before us after a *de novo* factual determination in which the Rutland County Court found the sum of $2,000.00 to be a reasonable fee. They contend that this sum is not supported by the evidence and that the court failed to completely follow the factors set forth in *Platt, Admx.* v. *Shields and Conant*, 96 Vt. 257, 269, 119 A. 520 (1923).

It is evident from the whole record that plaintiffs' attorneys sought to have the court award to them twenty-five per cent of $24,834.40, the amount actually paid in cash settlement. They make no claim for a fee upon the last $8,400 accelerated payment.

Although the plaintiffs' attorneys made no such request to the court nor did they at any time present the court with any stated figure which in their opinion would constitute a reasonable fee, the tenor of their evidence is to that effect. They claim that the matter was a collection suit and that such matters are not handled by them or any other Rutland attorney on a time basis; such claims find support in the evidence. The Rutland County Bar Association's minimum fee schedule provides the following collections: 50% of the first $100; 25% of the balance costs.

Such schedule is not an absolute, but is merely a guide in charting the uncertain path to adequate, fair and reasonable fees. It is not binding upon the attorney, his client, or the court. The testimony introduced by the plaintiffs' attorneys' witness, an attorney and a member of the Rutland

County Bar, so stated in effect. It may or may not be helpful in determining the charge to be agreed upon for particular services with a client. It is some evidence of the usual charges made by the attorneys in the county in various legal matters. The evidence of the witness taken as a whole reveals that it is a starting point in the consideration of a charge for legal services rendered in the cause handled, then adjustments are made upward or downward, depending on the circumstances involved, the amount of work, and the difficulty of the work.

At no point did the witness give an opinion that a reasonable attorney's fee for the services rendered by the plaintiffs' attorneys would be 25% of the amount collected by them. At all times material, the plaintiffs' attorneys proceeded under the formula set forth in *Platt, Admx.* v. *Shields and Conant, supra,* which we affirm to be the correct rule where reasonable attorney's fees are to be set by the court. They introduced evidence as to their high professional standing, which is undisputed.

The importance of the litigation to the plaintiff, the importance of the business, the amount at stake, the result secured to their client, and the responsibility assumed by them as attorneys were all factors which were considered by the court, in addition to the provisions of the minimum fee schedule. The court was unable to find the usual charges for services rendered by the plaintiffs' attorneys due to the lack of such evidence introduced by them.

Having before it factors and the minimum fee schedule as well as the agreement by plaintiffs' counsel that he had spent approximately fifteen hours prior to May, 1971, upon the matter including initial conferences with his client, bringing a complaint in the common courts, fifteen letters, plus telephone calls to defendant's attorney, the court found $2,000.00 to be a reasonable fee.

On appeal, plaintiffs' attorneys point out that the Rutland County Court found that they had expended fifteen hours of time prior to May 18, 1971, the date when settlement was arrived at. The court also found that they had spent an additional twenty-five hours of time through a hearing in the Rutland County Court and on the subsequent appeal to this Court in *Young* v. *Northern Terminals, Inc., supra.* They

argue that to arrive at the two thousand dollar award the county court multiplied both the fifteen hours and the twenty-five hours by the fifty dollar per hour rate, which the defendant's attorney stated was a reasonable hourly charge.

The defendant, on the other hand, points out that the county court expressly concluded that the reasonable attorney's fee due under the note was without regard to the time spent after May 18, 1971. He argues that the plaintiffs' attorneys failed to meet their burden of proof on the elements to determine a reasonable fee, and that there is no evidentiary basis for the two thousand dollar fee. The defendant urges that the correct award should have been seven hundred and fifty dollars—arrived at by multiplying the fifteen hours of work done prior to May 18, 1971, by the hourly rate of fifty dollars.

Mr. Justice Powers, writing for the Court in *Platt, Admx.* v. *Shields, supra,* stated that the determination of a reasonable attorney's fee is ordinarily a question of fact. *Id.* 96 Vt. at 269. He pointed out that there is no fixed standard on which to have such determination. *Id.* 96 Vt. at 268. However, he indicated that several factors are to be given consideration in arriving at such determination.

> The nature and importance of the business, the professional standing and attainments of the attorney, and the usual prices charged for similar services by other lawyers in the same vicinity and in the same court are important. *Vilas* v. *Downer,* 21 Vt. 419. Then, too, regard is to be had for the amount of time and labor—both physical and mental—involved, the importance of the matter, including the amount at stake, the result secured, and the benefits accruing to the client, the contingency or certainty of the compensation, and the responsibility assumed and carried. All this is too elementary to require discussion—though reference may be had to *Goveman* v. *Banigan,* 22 R.I. 22, 46 Atl. 58, *Graham* v. *Dubuque Speciality Machine Works,* 138 Iowa 456, 114 N.W. 619, 15 L.R.A. (N.S.) 729, and note to *Cornelius* v. *Smith,* 9 A.L.R. 237. No one of these considerations is controlling. They are all to be regarded, and each

given such weight as the trier thinks it is entitled to in the particular case under consideration. *Id.* 96 Vt. at 269.

The trial court enjoys a large measure of discretion in fixing the reasonable value of legal services. The exercise of that discretion will not be disturbed on appeal in the absence of strong evidence of excessiveness or inadequacy of the determined attorney's fees. This is especially true where the services were performed in that court. Annot., 56 A.L.R.2d 13, 18, n. 4 (1957). The court's own knowledge and experience in such matters might well be made use of in reaching such determination. *Platt, Admx.* v. *Shields and Conant, supra,* 96 Vt. at 269.

Here, the trial court was called upon to determine the value of the services rendered by the plaintiffs' attorneys rather than reviewing for reasonableness a particular fee reduced to a precise basis. The burden, therefore, was upon plaintiffs' attorneys to provide evidence of their services upon which the value would be determined.

The plaintiffs' attorneys neither had at any time stated what they considered to be the value of their services, nor had they claimed entitlement to any specific amount. In addition, they also admitted to not keeping records for the time spent on this matter. It was agreed, however, that they spent fifteen hours of time prior to May 18, 1971, when final settlement was made. During that time, plaintiffs' attorneys contacted the defendant by letter on a few occasions after receiving the note for collection. When the defendant made no effort to compromise the matter, suit was brought on the note. As a result of fifteen letters and telephone calls exchanged between plaintiffs' attorneys and the defendant's attorney, the matter was compromised and settled on May 18, 1971. The twenty-five hours spent thereafter in connection with the determination of a reasonable attorney's fee was not allowed by the trial court as being in connection with the collection of the note.

We cannot say that, as a matter of law, the trial court abused its discretion in awarding two thousand dollars for a reasonable attorney's fee in the collection of this note. The court made a downward adjustment from the

minimum fee schedule. Although the threat of litigation was made, such was not necessary. The court, however, awarded more than a simple multiplication of a fifty dollar per hour rate times the number of hours spent. Considering the importance of the matter, the amount at stake, the result secured, the benefit accruing to the client, the contingency of compensation, and the responsibility assumed and carried, we cannot say that the amount awarded was shown by the evidence to be either excessive or inadequate.

Absent a showing that the court failed to exercise its discretion, or that its discretion was exercised on grounds clearly untenable or to an extent clearly unreasonable, coupled with a reasonable basis being present for the discretionary action, we will not disturb the award here on appeal. *Brooks v. Brooks*, 131 Vt. 86, 92–93, 300 A.2d 531 (1973).

*Judgment affirmed.*