## Parker, Lamb & Ankuda, P.C. v. Walter Krupinsky, Jr.

[503 A.2d 531]

No. 83-338

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed September 27, 1985

*Parker, Lamb & Ankuda, P.C.*, Springfield, for Plaintiff-Appellee.

*Michael J. Sheehan*, Springfield, for Defendant-Appellant.

**Hayes, J.** The plaintiff law firm brought suit to recover unpaid legal fees. The trial court entered judgment for plaintiff in the amount of $2,292.04, from which judgment the defendant has appealed. The central issue presented for review is whether there was a proper evidentiary foundation for the judgment below. We hold that there was not and reverse.

## I.

The facts of this case merit attention. In August, 1980, the defendant, Walter Krupinsky, Jr., asked attorney Steven Ankuda of the plaintiff law firm to perform legal services related to Krupinsky's proposed financial investment in Northeast Ecology Systems, Inc., a firm involved in worm farming and the sale of worm castings. Krupinsky proposed an ultimate investment of $100,000.

Beginning in August, 1980, Ankuda undertook a variety of legal services on behalf of Krupinsky. The record below indicates that Ankuda spent approximately 3-4 hours in document preparation

and approximately 30 hours in legal research and in financial analysis of Northeast Ecology.

The law firm billed Krupinsky $2,511.70 for services rendered. The law firm conceded that the fee was based upon a percentage (5%) of Krupinsky's total proposed investment, which figure was then discounted by 50% in order to retain Krupinsky as an ongoing client. Over the course of the next year, the unpaid bill began to accumulate interest, and the defendant was periodically sent revised corrected statements showing the increased balance due.

## II.

■■ This Court has stated that "in the absence of contract, [an attorney is] entitled to charge what his services [are] reasonably worth and the [client is] obligated to pay that sum." *Rice's Admr.* v. *Press*, 117 Vt. 442, 446, 94 A.2d 397, 399 (1953). The determination of a reasonable attorney's fee is ordinarily a question of fact. *Platt* v. *Shields*, 96 Vt. 257, 269, 119 A. 520, 525 (1923). Although the law provides no hard and fast rule by which a fee can be determined and fixed, *id.* at 268, 119 A. at 525, the Court in *Platt* laid out several factors to be given consideration in arriving at a reasonable fee:

> [R]easonable compensation means such as will fairly compensate when the character, effectiveness, and ability entering into the service are considered. . . . The nature and importance of the business, the professional standing and attainments of the attorney, and the usual prices charged for similar services by other lawyers in the same vicinity and in the same court are important. . . . [R]egard is to be had for the amount of the time and labor—both physical and mental—involved, the importance of the matter, including the amount at stake, the result secured, and the benefits accruing to the client, the contingency or certainty of the compensation, and the responsibility assumed and carried. . . . They are all to be regarded, and each given such weight as the trier thinks it is entitled to in the particular case under consideration.

*Id.* at 269, 119 A. at 525.

■   Disciplinary Rule 2-106(B) of the Code of Professional Responsibility summarizes the general factors that may properly be considered in determining the reasonableness of a fee:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

12 V.S.A. App. IX, C 2.
Ethical Consideration 2-18 of the Code states in part that

[t]he determination of the reasonableness of a fee requires consideration of all relevant circumstances, including those stated in the Disciplinary Rules. The fees of a lawyer will vary according to many factors, including the time required, his experience, ability, and reputation, the nature of the employment, the responsibility involved, and the results obtained.

*Id.*

■   Trial courts have wide discretion in fixing the reasonable value of legal services, and the fee allowed by a trial court will ordinarily not be disturbed unless there is "strong evidence of excessiveness or inadequacy of the determined attorney's fees." *Young* v. *Northern Terminals, Inc.*, 132 Vt. 125, 130, 315 A.2d 469, 472 (1974). This Court will not set aside an award if a reasonable basis for the trial court's discretionary action is shown to be present. *Id.* at 131, 315 A.2d at 473; *Brooks* v. *Brooks*, 131 Vt. 86, 92-93, 300 A.2d 531, 535 (1973).

## III.

■ In the case at bar, the record presented to the court was not in harmony with the principles enunciated in the case law and in the guidelines of the Code of Professional Responsibility for determining the reasonableness of the fee charged. The plaintiff law firm calculated its charge for services by taking approximately 5% of the total amount to be invested by the defendant, and then dividing that sum by one-half, in the hope that the defendant would become a regular client.

The total sum charged may well be a fair and reasonable fee for the services rendered, but the method chosen for its calculation is not one sanctioned by case law. Thus, the trial court was not in position to make an enlightened determination whether the charge for legal services was fair and reasonable or excessive.

## IV.

Lawyers are members of an honorable profession, for they play a vital role in the preservation of society. A lawyer's work has as its prime purpose the rendering of a public service and, for this reason, the legal profession is a noble calling. Most lawyers are sensitive to the established values of tradition, to the needs and problems of society, and to the inalienable rights and privileges of individual citizens. While it is true that members of the Bar must live up to the high standards of behavior and dedication promulgated in the Codes of Professional Conduct, it is also true that

> [t]he legal profession cannot remain a viable force in fulfilling its role in our society unless its members receive adequate compensation for services rendered, and reasonable fees should be charged in appropriate cases to clients able to pay them.

12 V.S.A. App. IX, C 2, EC 2-16.

The fixing of an appropriate fee

> requires consideration of the interests of both client and lawyer. A lawyer should not charge more than a reasonable fee, for excessive cost of legal service would deter laymen from utilizing the legal system in protection of their rights. Furthermore, an excessive charge abuses the professional relationship between lawyer and client. On the other hand, ad-

equate compensation is necessary in order to enable the lawyer to serve his client effectively and to preserve the integrity and independence of the profession.

12 V.S.A. App. IX, C 2, EC 2-17.

■ Concerning disputes over fees, the Code states: "A lawyer should be zealous in his efforts to avoid controversies over fees with clients and should attempt to resolve amicably any differences on the subject. He should not sue a client for a fee unless necessary to prevent fraud or gross imposition by the client." 12 V.S.A. App. IX, C 2, EC 2-23.

If an attorney's fees are in dispute, the record is often best served on the issue of reasonableness by the receipt of expert testimony from independent counsel.

■ Lawyers should become familiar with the factors considered by courts in determining the reasonable value of their services. These factors should be used by attorneys to guide their judgment in fixing the amount they charge clients.

The preferred practice is well stated in EC 2-19 of the Code:

> As soon as feasible after a lawyer has been employed, it is desirable that he reach a clear agreement with his client as to the basis of the fee charges to be made. Such a course will not only prevent later misunderstanding but will also work for good relations between the lawyer and the client. It is usually beneficial to reduce to writing the understanding of the parties regarding the fee, particularly when it is contingent. A lawyer should be mindful that many persons who desire to employ him may have had little or no experience with fee charges of lawyers, and for this reason he should explain fully to such persons the reasons for the particular fee arrangement he proposes.

12 V.S.A. App. IX, C 2.

When it comes to fairness of fees, the record of the Vermont Bar has been a commendable one. Our attorneys have not acted "upon the principle of the French Minister, Colbert, who in the matter of taxation always endeavored to pluck as many feathers off the goose as he could possibly pluck, without making the goose squeal." See *Prather* v. *First Presbyterian Society*, 13 Ohio N.P. (n.s.) 169, 181, 25 Ohio Dec. 613, 625 (1912).

## V.

We have set forth here the factors that are to be taken into account in ascertaining the reasonableness of attorney's fees. On remand, the plaintiffs have the burden of establishing the reasonableness of their charges in accordance with the judicial guidelines as stated herein. These must be the yardstick used by the trial court in exercising its discretion.

The judgment below is vacated and the cause is remanded for a new trial. Since our holding here is dispositive, we need not reach the other issues raised by the defendant in his appeal.

*Judgment vacated and the cause is remanded for a new trial.*