STATE of Vermont, By and Through Vermont Industrial Development Authority v. Elaine SHURE and Bradford National Bank, Trustee

[592 A.2d 868]

No. 89-159

April 3, 1991. Appellant Shure challenges the reasonableness of the trial court's award of legal fees and costs to VIDA's outside counsel, Palmer & Dodge, for their participation in a Florida adversary proceeding related to the bankruptcy of appellant's corporation.

The determination of reasonableness of attorney's fees is a fact question. *Parker, Lamb & Ankuda, P.C. v. Krupinsky*, 146 Vt. 304, 306, 503 A.2d 531, 532 (1985). "Trial courts have wide discretion in fixing the reasonable value of legal services, and the fee allowed by a trial court will ordinarily not be disturbed unless there is 'strong evidence of excessiveness or inadequacy of the determined attorney's fees.'" *Id.* at 307, 503 A.2d at 533 (quoting *Young v. Northern Terminals, Inc.*, 132 Vt. 125, 130, 315 A.2d

469, 472 (1974)). We will not set aside an award "if a reasonable basis for the trial court's discretionary action is shown to be present." *Id.*

Appellant asks us to apply a standard of "heightened scrutiny" in determining the reasonableness of the fees that she must pay to VIDA's attorneys because she was not their client and did not have an opportunity to monitor their actions. There is, however, no reason to deviate from the *Krupinsky* standard in this case. Payment of attorney's fees was not statutorily mandated. Rather, appellant's obligation to pay VIDA's attorney's fees arose from a contract that she willingly signed and was triggered by her own actions in bringing suit against VIDA.

In the Florida proceeding, appellant argued that a $750,000 industrial development revenue bond issued by VIDA on her behalf was invalid under Vermont's Licensed Lender Act, 8 V.S.A. §§ 2201–2238. In light of testimony that the success of recent legislative attempts to clarify VIDA's status as a lender remained questionable and that an adverse ruling by the Florida court would set a damaging precedent—not only for appellant's bonded indebtedness, but also for over $100 million in similar VIDA-bonded loans—the trial court's conclusion that VIDA interests were at risk in the Florida litigation was not clearly erroneous.

Appellant contends that certain work done by VIDA's outside counsel was either unnecessary or duplicative. The trial court's findings that, in the Florida proceedings, VIDA's interests did not coincide with those of the co-defendant banks and that therefore VIDA could not rely on the banks' attorneys to present its case were supported by substantial evidence and not clearly erroneous. Likewise, issues about whether it was appropriate for VIDA to hire outside counsel or to send attorney Olsen to Florida were fully aired at trial, and the court's findings were not clearly erroneous.

At oral argument, appellant claimed that attorney Olsen participated in the Florida proceeding, not as an attorney, but as a fact witness, and therefore should not be compensated. This issue was not raised in the trial court and was waived.

Counsel's time sheets, supplemented with testimony verifying their accuracy, adequacy, and reasonableness, provided a reasonable basis for the court's award, which will, therefore, not be set aside. *Krupinsky*, 146 Vt. at 307, 503 A.2d at 533.

Appellant asserts that Palmer & Dodge had a conflict of interest representing VIDA in the Florida bankruptcy proceeding because it had previously rendered an opinion on the validity of the VIDA bonds that were at issue in that litigation. She contends that if VIDA lost on this issue, bondholders could seek to recover from Palmer & Dodge. The trial court could reasonably conclude that this did not establish a conflict. The interests of Palmer & Dodge and VIDA were consistent: both were concerned with establishing the validity of the VIDA bonds. The Attorney General's office hired Palmer & Dodge; it, not Palmer & Dodge, was in control of the litigation. Moreover, the trial court heard substantial expert testimony that Palmer & Dodge would not be exposed to potential lawsuits, that its financial interests were not at stake. Even assuming this conflict claim had merit, it would be a matter of professional misconduct or legal malpractice, not a ground for reversal of the trial court's judgment on the reasonableness of attorney's fees.

Finally, appellant claims that the judgment is void because two assistant judges, who heard only the first day of two days of evidence, signed the findings and conclusions. This issue was not raised below and is waived. *Soucy v. Soucy Motors, Inc.*, 143 Vt. 615, 617, 471 A.2d 224, 225 (1983) (issue not raised below will not

be considered on appeal unless an objection to jurisdiction). This is not a case of jurisdictional error. The assistant judges were unavailable on the second day, and the court put the reason for their absence on the record and continued the trial without their participation. 4 V.S.A. § 112(a), (c), (e). Thus, the court was at all times properly constituted. The assistant judges' signatures on the findings and conclusions were mere surplusage: the presiding judge's signature alone would have been sufficient. There is no evidence that their signing was anything other than an oversight. See *State v. Willis*, 145 Vt. 459, 484, 494 A.2d 108, 122 (1985) (assistant judges' improper participation not a jurisdictional error).

*Affirmed.*

Motion for reargument denied April 19, 1991.