Viens v. Delphia, No. 627-11-03 Wncv (Katz, J., Aug. 23, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                        SUPERIOR COURT
Washington County, ss.:                           Docket No. 627-11-03 WnCiv


VIENS

v.

DELPHIA


ENTRY
(Attorney Fee Request)


Subcontractor Viens recovered $5,536 against general contractor Delphia after a bench trial. He now seeks an award of $8,365 as attorneys fees. As the findings of fact should make clear, this was a good faith dispute between reputable members of the construction trade. Plaintiff asserted a claim for $8,500. Defendant always admitted owing Plaintiff something, but disputed the amount claimed. The decision after trial somewhat justifies Defendant's unwillingness to pay the amount claimed.

The parties' legal memos regarding an award of fees focus on the contract provision in the document under which they worked. It provides:

> Collection Proceedings: In the event of litigation, in addition to any other relief awarded, the court shall award costs/expenses including attorney's fees to the party it determines is entitled to such relief.

This language derives from plaintiff plumber's form proposal, which was accepted by defendant general contractor. We consider the language to be ambiguous. As Plaintiff notes, its operative verb is "shall award," implying an imperative. On the other hand, what the court awards in that regard is costs, expenses, and fees "to the party it determines is entitled to such relief." Quite clearly, the court must make a determination that the party is entitled to the relief. Hence, unlike the situation of Vermont's Prompt Pay Act, the contractual language does not seem to hinge on which party is the prevailing party, but rather on the court's determination to award attorney's fees. This concluding language suggests discretion on the part of the court—either the party is determined to be entitled to such an award, or it is not. But it is the court's determination. The language is not cast in terms of what the law requires, but rather what the court determines.

In construing a contract, our duty is to ascertain the parties' expressed intent. In doing so, we must use all the language, assuming it was included advisedly. Although the language is somewhat ambiguous, pointing as it does in opposite directions, in a situation such as here obtains, where no parol evidence was offered, it remains a question of law to determine the proper interpretation. We therefore conclude that the language calls for a discretionary exercise on the part of the court. This is what must be enforced. See Fletcher Hill, Inc. v. Crosbie, 2005 VT 1, ¶ 5 (declining to revise the parties' agreement on attorneys' fees).

However, in addition to arguing its contention regarding the quoted language, Plaintiff's memo also notes its contention that it is entitled to an

award under the Prompt Pay Act.  Other than asserting that point, the memo says nothing.  Reviewing the Act, we find at 9 V.S.A. § 4007(c): "Notwithstanding any contrary agreement, the substantially prevailing party in any proceeding to recover any payment within the scope of this chapter shall be awarded reasonable attorneys' fees in an amount to be determined by the court or arbitrator, together with expenses."  This dispute is within the scope of the Act.  Section 4003(a) states that performance by a subcontractor entitles it to payment from the party with which it contracts.  Hence, it would appear that the Act preempts the contractual language.

Although sharply divided, the majority in Fletcher Hill held that the court may exercise some measure of discretion on the issue of whether to award such fees at all.  Because § 4007(c) awards such fees to the *substantially* prevailing party, the Fletcher Hill majority holds that a net award does not necessarily entitle the bearer to a fee award.  2005 VT 1, ¶¶ 13-15.  However, both majority and dissent would seem to accord trial courts with discretion over the amount of any fee award.  Id., ¶ 33.  We therefore conclude that Plaintiff should be awarded fees, although we should exercise discretion regarding their amount.

"Trial courts have wide discretion" over the determination of reasonable attorneys' fees.  Parker, Lamb & Ankuda, P.C. v. Krupinsky, 146 Vt. 304, 307 (1985).  The Vermont Supreme Court has approved of the "lodestar approach" to determining reasonable fees.  Human Rights Commission v. Labrie, Inc., 164 Vt. 237, 251 (1995).  The lodestar is the reasonable number of hours of attorney-time multiplied by the reasonable rate.  Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 563 (1986).  The determination of reasonableness impliedly incorporates factors taken from the American Bar Association's Model Code of Professional Responsibility Disciplinary Rule 2-106, which included, among others:

(1) the time and labor required;

(2) the novelty and difficulty of the question;
(3) the skill requisite to perform the legal service properly . .
.;
(5) the customary fee . . .;
(8) the amount involved and the results obtained;
(9) the experience, reputation, and ability of the attorney;
(10) the "undesirability" of the case;
(11) the nature and length of the professional relationship
with the client; and
(12) awards in similar cases.

Delaware Valley, 478 U.S. at 562 fn.7 (emphasis added); see also Platt v. Shields, 96 Vt. 257, 269 (1923) (setting out factors similar to the Model Code factors); Vermont Code of Professional Responsibility Disciplinary Rule 2-106(B), quoted in Krupinsky, 146 Vt. at 307 (same); Vermont Rules for Professional Conduct 1.5(a) (same).

Plaintiff seeks an award of $8,365 in fees and expenses (including nearly $200 of "interest" on an overdue balance owed by Plaintiff). This against a recovery of $5,536. This is not a case in which Defendant fled the jurisdiction or concealed assets. Defendant's final words at the job site were "send me your final bill." In the end, however, Defendant disputed that bill. Our finding implicitly finds that dispute to have been substantially justified. In reaching this conclusion, we do not take into account any compromise offers or demands which may have been communicated prior to trial or the court's decision. Counsel's rate is reasonable, and counsel certainly was skilled and prepared. But in a purely economic case like this (with only the simplest of legal and factual issues), we are reluctant to make a fee award which substantially exceeds the recovery on the merits. Counsel has some responsibility to moderate time spent on a case so the fee does not become completely disproportionate to the anticipated damages. This is not a civil rights case, with important rights at stake but no

significant damages recoverable.  This is a perfectly run-of-the-mill construction contract dispute featuring easily calculable economic interests.

A fee award so disproportionately high in relation to the value of the case would tend to render settlement of future cases difficult, and tend to skew consideration of settlement away from the merits of the claim, and toward the amount of the bill.  We have in mind that the looming presence of attorneys' fees could have the effect of promoting settlements earlier in the course of the dispute, but such reasoning tends to be one-sided, in that the claimant has the advantage.  As the claimant typically will get at least some award, in the event of no settlement, that person has significantly less incentive than does the obligor to compromise.  We are not persuaded that the Legislature intended to so skew any negotiations merely by allowing the recovery of  attorneys' fees in this type of case.  While the effects of such a plaintiff-oriented interpretation may be ameliorated to some extent by use of a Rule 68 Offer of Judgment, counsel are often reluctant to engage in serious negotiation without first engaging in some discovery.  Once the "meter" starts to tick, the plaintiff's advantage tends to harden.  We conclude that the reasonable number of hours to devote to a case featuring only such simple legal and factual issues, the value of which ought to have been easy to assess before suit was filed, usually ought to be substantially less than the value of the case.  No circumstances are present in this case that would suggest otherwise.  We conclude that Plaintiff's fee request is unreasonably disproportionate to the value of the case.  The nearly 55 hours claimed is excessive.

Additionally, the court was struck by counsel's manner at trial: cross-examining adverse witnesses by minute deviations from the wordings used during answers to deposition questions.  This is a common technique, frequently over-used, in situations of inconsequential deviations.  But the technique inherently requires a good deal of trial preparation, to learn the precise language of the deposition responses, so as to be able to distinguish

them from the language used at trial.  Here, counsel indicates fourteen hours of trial preparation the day prior to trial.  While trial preparation renders counsel effective, and counsel here was effective, this was a single-day bench trial, with needless impeachment on the basis of inconsequential variations in language.

After reviewing the billing records closely, and on the basis of the considerations above, we find that the reasonable number of attorney-hours is 15.  At $150/hour, reasonable fees are $2,250.  Claimed expenses totaling $252.20 also are reasonable.  The total award is $2,502.20.

Counsel for Plaintiff to draft judgment accordingly.

Dated at Montpelier, Vermont, _____, 20__.

_____
Judge