Schreck v. Black River Brewing Co., No. 643-10-07 Wrcv (Eaton, J., Aug. 10, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT                                          CIVIL DIVISION
Windsor Unit                                           Dockets No. 643-10-07 Wrcv
                                                              and 580-8-08 Wrcv


Thomas Schreck and Gaspare Buscaglia
        Plaintiffs


v.


Black River Brewing Company, Stephen Shaw,
and Martin Nitka, Esq.
        Defendants


ENTRY ORDER ON ATTORNEY'S FEES


As this case has developed, it has become clear that plaintiffs are seeking an award of attorneys' fees under the common-law doctrine that provides that "where the wrongful act of another has involved another in litigation with a third person or has made it necessary for that other person to incur expenses to protect his interest, litigation expenses, including attorneys' fees, are recoverable." *Albright v. Fish*, 138 Vt. 585, 591 (1980); see also *Wyatt v. Palmer*, 165 Vt. 600, 602 (1996) (mem.); *Welch v. LaGue*, 141 Vt. 644, 647 (1982).

At the outset, it is important to emphasize that this common-law doctrine makes attorney's fees recoverable as *damages*, rather than as costs of action. Hence, there is a distinction between the so-called *Albright* claim and the more familiar situations where a party prevails on the merits at trial and then seeks an award of attorneys' fees and costs on the basis of a contractual provision, e.g., *Murphy v. Stowe Club Highlands*, 171 Vt. 144, 162 (2000), or because they were the substantially prevailing party in a construction dispute, e.g., *Fletcher Hill, Inc. v. Crosbie*, 2005 VT 1, 178 Vt. 77, or because they prevailed on a claim for consumer fraud, e.g., *L'Esperance v. Benware*, 2003 VT 43, ¶ 20, 175 Vt. 292. In those cases, the prevailing litigant usually files a post-trial motion under Rule 54 seeking an award of reasonable attorneys' fees, and the court decides the reasonable amount of fees to award by reference to the lodestar analysis. *Murphy*, 171 Vt. at 162; see also *Huard v. Henry*, 2010 VT 43, ¶¶ 11–17 (mem.) (explaining lodestar calculation).

In the latter context (Rule 54 awards of attorneys' fees as a cost of action), the rule is that the party seeking the award of fees bears the burden of providing evidence of the reasonableness of those fees, and it has been held that "the record is often best served on the issue of reasonableness by the receipt of expert testimony from independent counsel." *Parker, Lamb & Ankuda, P.C. v. Krupinsky*, 146 Vt. 304, 309 (1985). For this reason, it is not enough for a plaintiff to establish the reasonableness of her fees merely by submitting a bill from her attorney. See *Bruntaeger v. Zeller*, 147 Vt. 247, 254–55 (1986) (expressly holding that such evidence is not sufficient to support a finding of reasonableness). Instead, there must be "expert testimony from independent counsel" to establish the reasonableness of the fees requested. *Id.*

Plaintiffs' contention here has been that awards of attorneys' fees as *damages* under the so-called *Albright* line of cases do not carry the same evidentiary requirements as awards of attorneys' fees as costs of action under Rule 54. Plaintiffs point to language in *Albright* referencing a "long line of cases" which hold that a party may recover "for the damage he has sustained" as a result of the wrongful act of another, "including such costs and expenses as he has fairly and in good faith incurred in attempting to maintain and defend his title." 138 Vt. at 588. The argument is that the applicable standard is whether the claimed attorneys' fees were expended "fairly and in good faith" as opposed to whether the fees are reasonable, that the "fair" and "good faith" standard is somehow different from reasonableness, and that no expert testimony is required to establish whether the fees are fair.

Plaintiffs have supported this argument by reference to a federal district court case from California. The court was not able to find the case electronically but will accept counsel's representation that the district court there held that expert testimony was not required to support an award of attorneys' fees as *damages* under the wrongful-act-of-another doctrine. The court similarly accepts counsel's representation that part of the district court's reasoning was that it was unable to find any authority on point.

This court's research suggests that there is actually quite a bit of authority on the common-law doctrine exemplified by *Albright*. See, e.g., C.T. Drechsler, Annotation, *Right to Recover as Damages Attorneys' Fees Incurred in Earlier Litigation With a Third Person Because of Involvement Therein Through A Tortious Act of Present Adversary*, 45 A.L.R.2d 1183 (1956 & Cum. Supp. 2010). Since it derives from common law, it appears to be known in different states by different names, such as equitable indemnity, the wrongful-act doctrine, the wrongful-act-of-another doctrine, or the collateral-litigation exception to the American Rule. However named, it is stated in the Restatement (Second) of Torts § 914, as follows:

> (1) The damages in a tort action do not ordinarily include compensation for attorney fees or other expenses of the litigation.

> (2) One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action.

In other words, the concept of "reasonableness" as it pertains to awards of damages under the tort (including awards of attorney fees as damages) is actually built into the Restatement definition of the tort. This is made clear by the comments, which explain that the plaintiff can recover under § 914(2) for "all the *reasonable* expenses of the defense" made necessary by the wrongful act of the defendant. (Emphasis added). Cases from other states seem to take the same position: the attorneys' fees must be reasonable in order to be recoverable. See *Hitachi Credit America Corp. v. Signet Bank*, 166 F.3d 614 (4th Cir. 1999) (explaining that under Virginia law, where a defendant's wrongdoing has forced the plaintiff to maintain or defend a suit with a third person, "the plaintiff may recover the counsel fees and court costs incurred by him in that suit, provided those expenditures are reasonable in amount and reasonably incurred") (citation omitted); *Robbins v. McGrath*, 955 So.2d 633,

634 (Fla. Ct. App. 2007) (explaining that "reasonable attorney's fees upon appropriate proof" may be recovered as damages under the wrongful-act doctrine).

It is against this backdrop that the court interprets the recent Vermont discussion of the doctrine in *Wyatt v. Palmer*, 165 Vt. 600, 602 (1996) (mem.). In that entry order, the Vermont Supreme Court described *Albright* as standing for the position that "*reasonable litigation expenses [are] recoverable where [the] wrongful act of one party has involved another in litigation with [a] third person.*" 165 Vt. 600, 602 (1996) (mem.) (emphasis added). Given the foregoing discussion, the court does not perceive there to be a difference between the "fair" and "good faith" standard mentioned by *Albright* and the notion of "reasonableness" described not only in *Wyatt*, but also in the Restatement and the cases from other states. They are two ways of describing the same idea.

If reasonableness is an element of the claim for damages, the question then becomes whether expert testimony is required in order to establish the reasonableness of the claimed fees. There are at least two cases from other states directly on point. In the earlier of the two rulings, the Texas Court of Appeals held that "[a]s in the traditional recovery of attorneys' fees, the plaintiff may recover as damages only those attorneys' fees that are reasonable and necessary," and that it was not sufficient for plaintiff to meet her burden of proof by offering only her own testimony that her attorneys' services were reasonable and necessary. Instead, expert testimony was required. *Lesikar v. Rappeport*, 33 S.W.3d 282, 306 (Tex. Ct. App. 2000). As the court explained:

> Jenny has cited no authority as to why we should not apply in this case the established rules of law pertaining to the reasonableness of attorneys' fees, and we perceive no reason not to, simply because the attorneys' fees here have been awarded as actual damages. Thus, in cases where attorneys' fees incurred in the present litigation are sought, while an attorney's testimony as to the reasonableness of fees is not conclusive proof of that issue, such testimony is generally required. Generally, the issue of reasonableness and necessity of attorneys' fees requires expert testimony; an attorney testifies as to reasonableness, and the testifying attorney must be designated as an expert before he testifies.
>
> We conclude that the attorneys' bills, in the absence of expert testimony as to the reasonableness and necessity of the fees, is insufficient evidence that the fees were reasonable and necessary. We therefore reform the judgment to delete Jenny's recovery of $12,000.00 for costs incurred in correcting the wrongful conduct.

*Id*. at 308.

To the same effect is a recent opinion from the Washington Court of Appeals that expressly holds that when attorneys' fees are sought as damages, the matter is for the jury to decide, and the jury may be aided in its consideration of the issue by the use of expert testimony, since "[t]he party seeking recovery of attorney fees as damages bears the burden

of presenting evidence as to the reasonableness of the amount of fees claimed." *Jacob's Meadow Owners Ass'n v. Plateau 44 II, LLC*, 162 P.3d 1153, 1164 (Wash. Ct. App. 2007). The Washington Court of Appeals went on to explain that "[t]hose factors bearing upon the reasonableness of attorney fees awardable as costs also bear upon the reasonableness of attorney fees recoverable as damages." *Id*.

In other words, *Lesikar* and *Jacob's Meadow* both take the position that plaintiffs seeking attorneys' fees must prove the reasonableness of those fees by expert testimony regardless of whether they are seeking the fees as an element of damages (to be submitted to the jury) or as a cost of action (to be submitted to the court by post-trial motion). Or, put in more general terms, the relevant principle established by these two cases is that the same substantive burden of proof applies regardless of whether the plaintiff is seeking attorneys fees as an element of damages or as a cost of action.

Applying that principle here leads to the conclusion that plaintiffs bear the burden of proving the reasonableness of their requested attorney fees by expert testimony from independent counsel. It is insufficient as a matter of law to accept plaintiffs' testimony as to the amounts paid without supporting evidence establishing the reasonableness of those amounts. *Bruntaeger v. Zeller*, 147 Vt. 247, 254–55 (1986); *Parker, Lamb & Ankuda, P.C. v. Krupinsky*, 146 Vt. 304, 309 (1985). As a result, plaintiffs' testimony as to amounts paid will be excluded as irrelevant unless and until there is an offer of proof as to how plaintiffs plan to establish the reasonableness of those amounts consistent with *Bruntaeger* and *Krupinsky*. (Similarly, in the event that plaintiffs do adduce evidence sufficient to submit the issue to the jury, the jury will be instructed that it must determine the reasonableness of the fees by applying the lodestar analysis described in *Huard* and the many other attorney-fee cases).

Finally, plaintiffs have suggested that a different standard might apply to the claim asserted against defendants Black River Brewing Company and Stephen Shaw for breach of the covenant of title. The court has not yet had an opportunity to fully explore this argument (or defendants' arguments regarding whether plaintiffs have even stated a claim for breach of the covenant of title), but based on the foregoing discussion, the court does not perceive why plaintiffs would not be required to prove the reasonableness of the attorneys' fees claimed as damages. It makes sense to follow the general rule here: attorneys' fees must be reasonable in order to be awarded as damages. If plaintiffs have any contrary law to support their arguments on this point, they are requested to bring it forward.

**SO ORDERED**

Dated at Woodstock, Vermont this 10th day of August, 2010.

_____
Harold E. Eaton, Jr.
Superior Court Judge

4