508 So.2d 1105 (1987)
Fred CLARK
v.
Debra L. WHITEN.
No. 57162.
Supreme Court of Mississippi.
May 27, 1987.
Rehearing Denied July 15, 1987.
*1106 Frank G. Vollor, Vicksburg, for appellant.
W. Richard Johnson, Vicksburg, for appellee.
Before WALKER, C.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This is a paternity action. On appeal we are presented a challenge to the jury's finding of paternity. The matters of support for the child and the mother's attorneys *1107 fees are also before us. For the reasons discussed below, we affirm in part and reverse in part.

II.
On November 19, 1984, Haywood Montrel Whiten was born to Debra L. Whiten, at that time and now an unmarried female. On or about May 14, 1985, Debra L. Whiten filed in the Chancery Court of Warren County her complaint to establish that Fred Clark, an adult resident citizen of Warren County, was and is the father of her child. See Miss. Code Ann. § 93-9-1 et seq. (1972). In due course, Clark answered, denying the essential allegations of the complaint and demanding trial by jury.
On September 10, 1985, the Chancery Court entered an order transferring the matter to the County Court of Warren County "for all further proceedings and trial by jury."
On November 5, 1985, the matter was called for trial in the County Court. Two days later, on November 7, 1985, the jury returned a verdict finding "Fred Clark to be the natural father of Haywood Montrel Whiten." The jury's verdict also assessed Clark with attorneys fees of $1,000.00.
Pursuant to this jury verdict, the County Court on November 8, 1985, pursuant to this jury verdict entered its order of filiation adjudging Clark to be the natural father of Haywood Montrel Whiten, providing that Clark "will be responsible to Haywood Montrel Whiten as allowed by law." The order further assessed attorneys fees against Clark.
Following the overruling of his motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial, Clark has appealed to this Court. He assigns as error the refusal of the County Court to empanel a jury of twelve jurors, the overruling of his motion for a new trial, and the assessment of attorneys fees. Debra L. Whiten has cross-appealed the refusal of the trial court to submit to the jury the issue of support for the minor child or to enter judgment thereon.

III.
Clark first assigns as error the overruling of his request that a twelve person jury be empaneled. It will be recalled that, though originally filed in the Chancery Court, this matter was transferred to the County Court of Warren County following Clark's demand for trial by jury. The County Court, in accordance with the rules generally applicable, proceeded to empanel a jury of only six persons. See Rule 48(b), Miss.R.Civ.P. Clark relies upon Miss. Const. Art. 3, § 31 (1890) and Miss. Code Ann. § 93-9-15 (1972) in support of his claim. Clark confuses the historically familiar with the legally necessary.
To begin with, Rule 48(b) provides for a six person jury in County Court. That rule controls unless it is overriden by superior law. Rule 81(a)(9), Miss.R.Civ.P., provides that, with respect to paternity proceedings such as that before us today, statutory provisions supply the rules of procedure where there is conflict between the two. But when we turn to Section 93-9-15, we see only that defendants such as Clark are entitled to trial by jury. See Metts v. State Department of Public Welfare, 430 So.2d 401, 405 (Miss. 1983). Nothing in the statute in any way suggests the number of jurors that may be required. If Section 93-9-15 provided for twelve jurors, it would override Rule 48(b). As written, however, there is no conflict. Accordingly, Rule 48(b) and its six person juror requirement prevails.
The same result obtains when we examine our constitution. Section 31 provides for trial by jury in civil cases and authorizes further the less than unanimous verdict. Nothing in Section 31, however, mandates juries of twelve persons in the County Court, or any other court. We make this latter comment in the context of Clark's argument that, because his action was originally brought in Chancery Court, the trial by jury requirement applicable to that court controls in the County Court to which the case was transferred "for administrative convenience in empaneling the jury." But there is nothing in the Constitution that requires a jury of twelve. See *1108 Colgrove v. Battin, 413 U.S. 149, 93 S.Ct. 2448, 37 L.Ed.2d 522 (1973). That Jesus of Nazareth had twelve Apostles does not translate into a constitutional requirement that a civil jury number twelve.
The assignment of error is denied.

IV.
Clark next assigns as error that portion of the jury's verdict and order of filiation assessing against him Whiten's attorneys fees in the amount of $1,000.00. He argues that there is an absence of evidence of the "reasonableness of the bill, the value of the services rendered, and the necessity of the time spent."
Miss. Code Ann. § 93-9-45 (1972) provides that, in the event that the court enters an order of filiation declaring the male defendant to be the father of the child, that defendant "shall be taxed ... [with] the cost of the legal services of the attorney representing the petitioner... ." We find implicit in the statute the further requirements that the costs so taxed be reasonable and necessary and that the party claiming these costs prove her entitlement.
Ordinarily, such an assessment could be made by the court without the aid of the jury. The right of trial by jury afforded by Section 93-9-15 applies only to "the issue of paternity." In the present record, however, it appears that Debra asked that the issue of attorneys fees be submitted to the jury. Instruction P-4, which she requested, reads
The Court instructs the jury that if you find Fred Clark to be the natural father of Haywood Montrel Whiten, you are allowed to award Debra L. Whiten reasonable attorneys fees incurred by her in this cause.
This instruction was given by the trial judge and was in fact submitted to the jury. Instruction P-6, a form of the verdict instruction, provided that the jury, if it found for Whiten, might assess "attorneys fees of $ ____." We find on this record that each party waived any right he or she may have had to have the fee issue resolved by the court sans jury assistance.
The evidence reflects that Whiten had a fee arrangement with her attorney wherein he would charge her $50.00 per hour for his services. The record reflects a statement for services rendered dated November 4, 1985  the day before the trial began  wherein counsel charged Whiten for twenty and a half hours at $50.00 per hour for a total fee of $1,025.00. The problem lies in the fact that there is not one word in the record that suggests to the jury that the hours spent were necessary, that the hourly rate was reasonable.
No doubt there has been a certain air of gratuity in our Court's attitude toward fee requests in the past. Having been lawyers before we became judges and having some familiarity with such matters, we frequently succumb to the temptation to say that we know whether a fee is reasonable. And there may well be cases where the issue is submitted to the judge sitting without a jury where such an attitude may be practical and desirable.
Still our more thoughtful cases make clear that an attorneys fee claim has factual components that must be proved. See Craft v. Craft, 478 So.2d 258, 264 (Miss. 1985); McKee v. McKee, 418 So.2d 764, 767 (Miss. 1982). One of those components is "the customary charge in the community." Bumgarner v. Bumgarner, 475 So.2d 455, 456 (Miss. 1985). If this is so where the trial judge is the fact finder, it is more so where the facts are to be found by a jury. Jurors may not be presumed to know what fees are reasonable and necessary.
Where the question of an award of attorneys fees is being submitted to the jury as the trier of fact, the party seeking the fee must prove, inter alia, the reasonable necessity of the rendering of the services and spending the amount of time for which the fee is charged, as well as the reasonableness of the hourly rate. See Mercy Hospital v. Johnson, 431 So.2d 687, 688 (Fla.App. 1983); Parker, Lamb & Ankuda, P.C. v. Krupinsky, 146 Vt. 304, 503 A.2d 531 (1985); see also Neely v. City of Grenada, 624 F.2d 547 (5th Cir.1980). Frequently *1109 this is done by the calling of another attorney in the community who is familiar with the type of case and the rates customarily charged for similar services and who then provides the necessary opinion testimony. Such proof may also be made by the attorney whose fee is claimed. So long as a proper foundation is laid, the attorney representing the fee applicant or any other attorney may provide the evidentiary foundation for reasonableness and necessity. Absent such foundation, however, the jury is necessarily left to guess and speculate.[1]
In sum, this assignment of error is well taken. Insofar as the judgment below order that Clark pay attorneys fees to Whiten, the judgment is reversed and rendered.

V.
Clark challenges the jury's verdict on an additional ground. He argues that it was contrary to the weight of the evidence. Although his argument is less than crystal clear on the point, we do not understand Clark to be arguing that the evidence was insufficient as a matter of law and that a verdict should have been directed in his favor. Rather, the effect of Clark's assignment of error is that the trial court abused its discretion in refusing to order a new trial.
The child was born on November 19, 1984. Whiten testified that she had sexual relations with Clark only from July 1983 until after the birth of the child. At another point she testified that she had no sexual contact with any other male for more than ten months prior to the birth of the child. Despite Clark's effort to establish that Whiten was involved with other men, Whiten's testimony was not so incredible that we would deny her the privilege of having the jury's obvious conclusion credited.
We consider further the fact that at the trial held almost a year following the birth of the child, the jury viewed the child. While there is no doubt a common sense problem with placing too much reliance upon this factor, it is certainly a practice to be encouraged, one which, given what we know about the genetic passage from father to child of certain physical characteristics, may be most valuable efforts in the search for the truth in this most sensitive area.
Under the circumstances it is neither necessary nor appropriate that we recount further details regarding the testimony of the parties. The evidence was more than adequate to support the jury's verdict. The trial court was well within its discretion in denying Clark's motion for a new trial. Thornhill v. Wilson, 504 So.2d 1205, 1208-09 (Miss. 1987) (not yet reported); Maryland Casualty Co. v. City of Jackson, 493 So.2d 955, 961 (Miss. 1986); Adams v. Green, 474 So.2d 577, 582 (Miss. 1985); Rule 59, Miss.R.Civ.P. The assignment of error is denied.

VI.
Finally we reach Whiten's cross-appeal on the matter of support for the minor child. Here it appears that Whiten requested two jury instructions, Nos. P-3 and P-5, each of which would have submitted the question of support.[2] These instructions were refused. Her form of the verdict instructions was likewise refused.
As a matter of law, the father of a child born out of lawful matrimony
is liable to the same extent as the father of a child born of lawful matrimony, ..., for the reasonable expense of the mother's pregnancy and confinement, and for the education, necessary support and maintenance and medical ... expenses of the child.
Miss. Code Ann. § 93-9-7 (1972).
The act further provides that an order of filiation declaring paternity

*1110 shall specify the sum to be paid weekly or otherwise... for the support and education of the child and... for the support of the child prior to the making of the order.
Miss. Code Ann. § 93-9-29 (1972).
Ordinarily, the issue of support and maintenance should be resolved by the court without aid of a jury. As indicated above in our discussion of the issue of attorneys fees, the statute makes trial by jury available only on the issue of paternity. Miss. Code Ann. § 93-9-15 (1972). Again, however, where the party such as Debra L. Whiten seeks to have the issue submitted to the jury, and in effect waives the right to have the issue considered by the court alone, we have no mind to interfere.
From the record it is apparent that the trial court was of the view that Whiten's proof was insufficient both with respect to the ability of Clark to pay and with respect to the needs of Whiten for the support of the minor child. For this reason the trial court in effect declined to submit the issue to the jury.[3] Further the trial court refused to submit Instruction P-6, a form of the verdict instruction, which would have told the jury how it should have returned a verdict on the matter of support.
Our review of the record makes clear that Clark has reasonable assets and resources out of which he should be able to provide reasonable and necessary support for the child. Clark admits that he has "made a comfortable living." He owns a home on ten acres of land in Vicksburg. He has owned a grocery store on a single acre lot, several rental houses as well as other property. He has an interest in several businesses and as well owns a variety of items of heavy equipment.
On the other hand, without going into detail, we consider that the evidence offered by Whiten was sufficient with respect to the needs of the child. Because the evidence was such that reasonable jurors could not have refused to provide an award for the necessary support and maintenance of the child, the trial court erred in refusing to submit these matters to the jury. In this sense, we sustain the cross-appeal and reverse and remand.
The matter of the expenses of the mother's pregnancy and confinement is otherwise. The trial court correctly held that Whiten's proof was insufficient to have this question submitted to the jury.
Our order of remand shall be to the Chancery Court of Warren County, not the County Court. This matter was originally brought in the Chancery Court. That court undoubtedly had subject matter jurisdiction of this cause as well as in personam jurisdiction of the parties. The transfer of jurisdiction to the County Court was by reason of the demand for jury trial. Such an order of transfer was well within the authority of the Chancery Court although it was by no means compelled. Chancery courts in matters such as this have as much authority to hold trial by jury as do circuit or county courts. Indeed, because of the peculiar experience and expertise of Chancery Courts in matters regarding the support and maintenance of children, it may well be advisable for Chancery Courts to entertain paternity actions such as this in their entirety, making no transfer, although we make clear that these comments should not be construed as suggesting any lack of discretion on the part of the Chancery Court to transfer the jury issue to the County Court.
The very nature and purpose of the Mississippi Uniform Law on Paternity, Miss. Code Ann. § 93-9-1, et seq. (1972), is to make such orders as may be necessary to *1111 provide for the support, education and maintenance of children born out of wedlock, lest these children become public charges. In that we have found no error in the jury's verdict and order of filiation insofar as that order declares Clark the father of the minor child subject to these proceedings, it would be anomalous indeed if we were to affirm with Clark having no obligation of support. It is in this context that we have found that Whiten offered sufficient evidence of Clark's ability to pay and the child's reasonable needs so that the matter should have been resolved by the court below in favor of an order for support. On the cross-appeal we reverse and remand to the Chancery Court of Warren County, Mississippi, for determination of the support obligations of the father pursuant to Miss. Code Ann. § 93-9-7 (1972) and for entry of a final order of filiation providing for the support, education and expenses of the child as provided in Miss. Code Ann. § 93-9-29 (1972).
ON DIRECT APPEAL, AFFIRMED IN PART, REVERSED AND RENDERED IN PART; ON CROSS-APPEAL, REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] Nothing said here should preclude resort to judicial notice as a means of establishing one or more of the components of the fee claim. See Rule 201, Miss.R.Ev., effective January 1, 1986.
[2] Arguably these instructions were in less than perfect form. This is a context in which the trial judge has a duty to reform the instructions to assure that the issue of support is submitted to the jury. See Byrd v. McGill, 478 So.2d 302, 305 (Miss. 1985).
[3] The record reflects that the trial court did grant Instruction P-2 which instructed the jury in the general proposition of law that

the father of a child which is born out of lawful matrimony is liable to the same extent as the father of a child born of lawful matrimony for the reasonable expense of the mother's pregnancy and confinement, and for the education, necessary support and maintenance, and medical expenses of the child.
This instruction is merely declaratory of the law and fails to instruct the jury what it should do about the matter. As indicated above, however, the trial court refused to submit Instructions P-3 and P-6 which would have further explained the father's obligation.