PRATHER, Justice,
dissenting in part; concurring in part:
I respectfully dissent, in part, from the majority holding.
I.
On the first issue of law in the majority opinion, the majority holds that the appeal time begins to run from the date of the chancellor’s judgment, rather than the date of the closing of the estate, concluding that the decision was a final judgment. I disagree.
The question is whether the chancellor’s judgment adjudicating the controversy between the creditor and the estate is a final judgment from which an appeal lies. The majority recognize that this state has no precedential opinion to answer the question, but concludes a result opposite to my view.
It is my conclusion that in the absence of precedent, the guidelines of Mississippi Rules of Civil Procedure should direct our decision even though this contest was filed prior to the applicability of our new procedural rales on January 1, 1982. Rules 81 and 54 provide an answer.
In interpretating Miss.R.Civ.P. 81, this Court has held limited applicability of the civil procedural rules to proceedings under Title 91, Trusts and Estates, § 91, et seq. When the summary proceedings within an estate administration lends itself to ex parte procedure, such is permitted and encouraged under Miss.R.Civ.P. 81(b) and the statutory procedures of Title 91 control to the extent they may be in conflict with the rales. Miss.R.Civ.P. 81(a)(12). However, when adversary proceedings develop within the administration of an estate, the inter-place of the other procedural rales should be followed. Clark v. Whiten, 508 So.2d 1105 (Miss.1987); Bias v. Bias, 493 So.2d 342, footnote 1, (Miss.1986).
In this adversary proceeding within the Philyaw estate, the question of whether the chancellor’s judgment was final on the date of November 8, 1982, should be answered under Miss.R.Civ.P. 54.
Miss.R.Civ.P. 54(b) provides:
Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.[1]
The above rale which I would apply in this case is designed to facilitate the finality of “judgments upon one or more but fewer than all claims or as to one or more but fewer than all parties in an action involving more than one claim or party.” Comment, Miss.R.Civ.P. 54. Discretion is given the chancellor/judge to determine when a final and appealable order has been entered in a definite manner. His certification that a judgment is final provides the notice to all parties that the time for measuring appeals begins to ran. 10 Wright, Miller & Kane, Federal Practice & Procedure, Civil § 2651 (1973). I would interpret this probated claim in this case to come within provision of “multiple claims or involving multiple parties.” The term “multiple claims” is applicable for a creditor/creditors whose claim is contested by the administrator/executor. Likewise, “multiple parties” are involved when you consider that the heirs, legatees, and devi-sees within an estate who have rights and *1240 property affected by the chancellor’s judgment. Although Mrs. Braxton as Executor did know of this decision while in her last illness, Darryl Braxton, who was legatee of one-half of the estate, did not have notice of that decision. Such heirs, legatees, or devisees have no remedy to challenge the chancellor’s decision under the majority holding because such beneficiary was not a party entitled to notice under our rules. The heir/legatee/devisee usually does not know of the court judgment until the final accounting of the estate gives him such notice. Usually, the appeal time for contest of the claim has long since passed.
In that light, notice to parties is necessary for a just adjudication of that issue. Miss.R.Civ.P. 19(a) and 19(b), may dictate notice of the entry of a final judgment on a probated claim to the heirs/legatees/devisees. Most certainly should notice be given to such beneficiaries when, as in this case, a creditor has been appointed as the administrator. Miss.Code Ann. § 91-7-63 (1972). Certainly, a creditor/administrator is not going to appeal the allowance of his own claim. But under the majority ruling today, such heir has no notice of the final judgment entry in favor of the creditor/administrator until the appeal time has expired.
In this case I would conclude, that in the absence of the chancellor’s certification following the guidelines of Rule 54(b), that the judgment in favor of Jeryl Johnson was interlocutory because the judgment did not express (1) a determination that there was not just reason for delay and (2) a direction for entry of judgment. Concluding that the judgment was not final as to Darryl Braxton, I would hold that his appeal on the applicability of the statutes of limitations should be answered in the affirmative.
I concur with the majority opinion on issues II and III.
DAN M. LEE, P.J., and ROBERTSON, J., join this opinion.

. Parenthetically, it is noteworthy that the terms “judgment” and "decree" have historically applied to actions at law and equity suits, respectively, but that for purposes of the new rules the technical distinction has been abolished.