749 So.2d 289 (1999)
Roy MITCHELL and Linda Mitchell, Appellants,
v.
BROADWAY TRANSFER & STORAGE COMPANY, Appellee.
No. 1998-CA-01436-COA.
Court of Appeals of Mississippi.
September 7, 1999.
William P. Featherston, Jr., Attorney for Appellants.
Thomas H. Suttle, Jr., Quentin A. Daniels, Jackson, Attorneys for Appellee.
BEFORE SOUTHWICK, P.J., DIAZ, AND MOORE, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Roy and Linda Mitchell brought a trespass action against Broadway Transfer & Storage Company in the County Court of Rankin County. A jury awarded the Mitchells $4,000 for damage to their driveway and front yard caused by one of Broadway's moving trucks, but also found that they were not entitled to punitive damages. On appeal the Mitchells allege that reversible error occurred in refusing to submit to the jury an instruction regarding the award of attorneys' fees. We find that the instruction was withdrawn, and therefore so was the objection. We affirm.

FACTS
¶ 2. On June 22, 1996, an eighteen-wheeled moving truck owned by Broadway Transfer & Storage Company and operated by Arthur Taylor arrived in a Brandon neighborhood for the purpose of making a delivery to a Mrs. Waterson, who lived across the street from Roy and Linda Mitchell. The driver pulled forward in the Mitchells' driveway in an effort to back the moving truck into Mrs. Waterson's driveway.
¶ 3. On August 26, 1996, the Mitchells filed suit against Broadway, claiming that the moving truck trespassed and damaged their yard and driveway. They sought $8,036 in actual damages as well as punitive damages and attorney's fees. Following a jury trial held in the County Court of *290 Rankin County, the Mitchells were awarded $4,000 in actual damages. The jury did not award punitive damages. The trial judge refused to submit the issue of attorney's fees to the jury.

DISCUSSION
¶ 4. The Mitchells contend that the trial judge should have submitted the issue of attorney's fees to the jury. While the trial judge did give an instruction as to punitive damages, he held that he would rule upon the propriety of attorney's fees if the jury awarded punitive damages.
¶ 5. The general rules for attorney's fees are that they cannot be awarded absent a relevant contractual provision or statutory authority, or unless punitive damages are granted. Stokes v. Board of Directors of La Cav Imp. Co., 654 So.2d 524, 529 (Miss.1995).
¶ 6. The initial question here is whether this issue is before the Court due to the Mitchells' apparent agreement that the instruction need not be given. When the trial judge stated that he would rule upon the award of attorney's fees and would not submit the issue to the jury, the only response by the Mitchells' counsel was "I don't care, Judge, whichever way you want to do it." Counsel later informed the judge, "whatever you want to do, Judge, is okay with me." The Mitchells' attorney then withdrew the instruction without any argument to the trial court that it was error not to submit it to the jury.
¶ 7. In affirming the county court judge's denial of the Mitchells' motion for a new trial, or in the alternative, for an additur, the Rankin County Circuit Court explained that:
Upon review of all documents involving this appeal, it becomes clear that the jury instruction at issue was requested and withdrawn, by the Appellant, without objection, before instructions were given to the jury. MRCP 51(b)(3) states that "no party may assign as error the granting or the denying of an instruction unless he objects thereto at any time before the instructions are presented to the jury; opportunity shall be given to make the objection out of the hearing of the jury. All objections shall be stated into the record and shall state distinctly the matter to which objection is made and the grounds therefor...." Appellants were given the opportunity to do the above and failed to do so. Therefore, their failure to object at the trial level constitutes a waiver to raise the issue on appeal.
¶ 8. We agree with the findings of the circuit court.
¶ 9. Even if the issue were properly before this Court, attorney's fees are not an issue to be decided by the jury. Whether to award and the amount of attorney's fees are matters committed to the sound discretion of the trial judge. Young v. Huron Smith Oil Co., 564 So.2d 36, 40 (Miss.1990). The Mitchells cite no authority to the contrary nor have we found any.
¶ 10. In one precedent, an instruction on attorney's fees proposed by the plaintiff was given to the jury by the trial judge with no objection by the defendant. Clark v. Whiten, 508 So.2d 1105, 1108 (Miss. 1987). The supreme court held that the jury could properly award attorney's fees because the parties agreed to submit the issue to the jury. However, the court noted that "[o]rdinarily, such an assessment could be made by the court without the aid of the jury." Id.
¶ 11. Here, the parties did not agree to submit the issue of attorney's fees to the jury. Accordingly, the issue was properly left to the trial judge, who declined to award attorney's fees because the jury found that punitive damages were not proper.
¶ 12. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANTS.
*291 McMILLIN, C.J., KING, P.J., DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.
BRIDGES, J., NOT PARTICIPATING.