# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CA-02365-SCT

*NITA ELAINE SNYDER DOBBINS,*
*INDIVIDUALLY AND AS NATURAL MOTHER*
*AND NEXT FRIEND OF THE INFANT CHILD*
*NAMED IN THE PETITION*

*v.*

*JOHNNY LEE COLEMAN*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/08/2004 |
| TRIAL JUDGE: | HON. MITCHELL M. LUNDY, JR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | H R. GARNER |
| ATTORNEY FOR APPELLEE: | JOHN WATSON |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 04/13/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC**.

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.    The first question presented is whether upon a determination of paternity, Mississippi law requires the natural father to assume sole financial responsibility for the child's medical expenses. The second is whether the chancellor's award of attorney's fees to the mother was reasonable and proper.

## BACKGROUND FACTS AND PROCEEDINGS

¶2.    On March 31, 2003, Nita Elaine Snyder Dobbins ("Ms. Dobbins") gave birth to T.H.C. ("the Child") as a result of relations between herself and Johnny Lee Coleman ("Mr. Coleman"). The Child was born out of lawful wedlock. Ms. Dobbins filed a Petition to

Establish Paternity for Filiation, Child Support and Other Relief, asking the chancellor to make a determination of paternity, give her exclusive care, custody, and control of the Child, and require Mr. Coleman "to pay all reasonable support, maintenance, medical bills incurred for and in (sic) behalf of the child, to maintain medical insurance on the child, to pay all medical bills, as well as pay all medical bills incurred."

¶3.     Mr. Coleman filed an Answer and Counter-Petition, admitting he was the Child's father, but denying sole responsibility for any expenses or medical bills. He requested the court give him "reasonable, specific and designated visitation with the minor child" and joint legal custody of the Child. Mr. Coleman also claimed Ms. Dobbins should pay half the Child's medical expenses not covered by health insurance.

¶4.     In his Temporary Order, the chancellor found Mr. Coleman was the father of the Child and required him to pay $200 per month in child support to Ms. Dobbins until the case came for a final hearing. The chancellor also granted Mr. Coleman temporary visitation with the Child.

¶5.     In her Answer to Counter-Petition, Ms. Dobbins denied Mr. Coleman was entitled to joint legal custody of the Child. She again asserted that, once Mr. Coleman was adjudicated the father, Mississippi law requires him to be responsible for all the education and other expenses incurred on behalf of the Child.

¶6.     In his Order of Filiation, the chancellor found Mr. Coleman was the natural father of the Child. The chancellor awarded the parties joint legal custody, granted physical custody

2

to Ms. Dobbins, and granted visitation rights to Mr. Coleman. The chancellor ordered Mr. Coleman to include the Child under his group medical insurance and to continue the $200 per month support payments until a final hearing on the support matter, noting that the final support amount could be adjusted in light of the guidelines found in Mississippi Code Annotated Section 43-19-101. Finally, the chancellor took under advisement the issues of payment of past and future medical expenses and the awarding of reasonable fees.

¶7. After briefing by the attorneys, the chancellor issued his opinion on these matters from the bench on November 8, 2004. The chancellor stated "that to make a father solely responsible for all past and future medical expenses, regardless of the party's financial status and wherewithal would be a violation of equal protection laws and would be making a determination based solely on sex and not financial ability and cannot be constitutionally permissible." The chancellor entered his Order on November 15, 2004, making the parties "equally responsible for the balances of the existing medical bills" and requiring them to split all future medical bills as well. The chancellor also ordered Mr. Coleman to reimburse Ms. Dobbins for the reasonable attorney's fees she incurred in bringing and maintaining her Petition to Establish Paternity for Filiation, Child Support and Other Relief.

¶8. Ms. Dobbins now appeals the chancellor's determination that Mr. Coleman would be responsible for only half of the Child's medical expenses, rather than the full amount. Mr. Coleman cross-appeals with respect to the chancellor's award of attorney's fees.

3

## DISCUSSION

**I.**   **Whether the chancellor erred in holding that the natural father of an illegitimate child cannot be made automatically responsible for all past, present, and future medical expenses of the child.**

¶9.   On appeal, Ms. Dobbins claims the chancellor committed reversible error by declaring Mississippi Code Annotated Section 93-9-7 unconstitutional and holding that the father of an illegitimate child cannot be made solely responsible for the past, present, and future medical expenses of his child.  Mr. Coleman responds that the chancellor correctly held that Section 93-9-7 was unconstitutional because the provision "[does] not serve its stated legislative purpose in a manner which can pass scrutiny."  Section 93-9-7 states:

> *Obligations of the father.*  The father of a child which is or may be born out of lawful matrimony is liable to the same extent as the father of a child born of lawful matrimony . . . for the reasonable expense of the mother's pregnancy and confinement, and for the education, necessary support and maintenance, and medical . . . expenses of the child. . . .

Another statute relevant to this issue, according to the chancellor and the parties, is Mississippi Code Annotated Section 43-19-101(6), which states in part, "[a]ll orders involving the support of minor children, as a matter of law, shall include reasonable medical support."

¶10.   The parties' arguments in this case rest on the assumption that the chancellor actually held that Section 93-9-7 violates the Equal Protection Clause of the Fourteenth Amendment. Looking carefully at the language of the Order, though, reveals that the chancellor did *not*

4

declare any portion of the Mississippi Uniform Law on Paternity[1] *unconstitutional*, and rightly so; rather, he correctly held that an interpretation of the statutes automatically holding the father solely responsible for all of his child's medical expenses is impermissible. As previously noted, Section 93-9-7 states, " [t]he father of a child which is or may be born out of lawful matrimony is liable to the *same extent* as the father of a child born of lawful matrimony. . . ." (*emphasis added*). In his Order, the chancellor stated:

> To hold the father solely responsible for the payment of all past, present and future medical bills not covered by health insurance would be unjust, unconscionable, and would violate equal protection laws under the provisions of Miss. Code Ann. Section 93-9-7, 93-9-9, 93-3-11, 93-9-15, 93-9-29, 93-9-45. Mississippi Code Annotated Section 43-19-101(6) provides that all orders involving support of minor children, as a matter of law, shall include reasonable medical support.

¶11. A precise reading of both the chancellor's bench opinion and Order confirms he did not declare the statute unconstitutional. The chancellor merely rejected one party's interpretation of the provision automatically requiring a father to pay all medical expenses and commented that such an interpretation would be unconstitutional. The statute plainly provides that someone like Mr. Coleman, the father of a child born out of lawful matrimony, is liable to the *same* extent as the father of a child born of lawful matrimony - no greater extent, no lesser extent.

¶12. As we noted in ***Moulds v. Bradley***, 791 So.2d 220, 229 (Miss. 2001), "[a]fter an adjudication of paternity, an illegitimate child's legal relationship to the father with regard

---

[1]Miss. Code Ann. §§ 93-9-1 *et seq.* (1972).

to financial support is no different than that of a legitimate child born to a marriage that ended in divorce." (*per concurring opinion of* Diaz, J., *with two Justices joining and three Justices joining in part*). In *Moulds*, after the Chancery Court entered a decree finding Moulds to be the natural father of Bradley's child, the court ordered Moulds to pay weekly child support of fifty dollars and to provide the child with medical and dental insurance once financially able. *Id.* at 223. Such a child support order was squarely within the province of the chancellor. Miss. Code Ann. § 43-19-101(6); Miss. Code Ann. § 93-9-29; Miss. Code Ann. § 93-11-65(1). The court never required the father to pay all past, present, and future medical expenses for the illegitimate child. *Moulds*, 791 So.2d at 223. The support was subject to adjustment, and once Moulds' income increased, the court modified the amount of support pursuant to the guidelines in Section 43-19-101. *Id.* at 226.

¶13. The chancellor in this case assumed a similar course of action. In its Order of Filiation, the court found Mr. Coleman to be the natural father of the Child. The court also ordered Mr. Coleman to pay $200 in monthly support and to include the Child under his group medical insurance. Finally, the court noted "that at the final hearing of this cause the child support may be increased or reduced by the Court, depending upon adjusted gross income as defined as (sic) Miss. Code Ann. § 43-19-101 (1972)."

¶14. The chancellor, in his November 15 Order, determined that the parties should be equally responsible for the Child's medical expenses, a result clearly permitted by Section 93-9-7 because, "[t]he father of a child which is . . . born out of lawful matrimony is liable

6

to the same extent as the father of a child born of lawful matrimony . . . ." The Order noted in conclusion that, "[a]ll aspects of the Order of Filiation entered on September 24, 2004, shall remain in full force and effect," making the final amount of support subject to adjustment, just as in *Moulds*.

¶15.    Nothing in the statutes or in our jurisprudence demands that the father of an illegitimate child be *automatically* liable for all of his child's medical expenses. The chancellor correctly arrived at a permissible financial arrangement clearly contemplated by the statute where both parents share past and future medical expenses equally. Mississippi Code Annotated Section 93-11-65(2) even provides, "where the proof shows that both parents have separate incomes or estates, the court may require that each parent contribute to the support and maintenance of the children in proportion to the relative financial ability of each."

¶16.    The chancellor noted in the Hearing for Oral Opinion that an interpretation of Section 93-9-7 requiring the father of an illegitimate child to pay all medical expenses conflicted with Mississippi Code Annotated Section 43-19-101(6), which states, "[a]ll orders involving support of minor children, as a matter of law, shall include reasonable medical support." Ms. Dobbins also acknowledges the conflict between an interpretation of Section 93-9-7 requiring the father to automatically provide *full* medical support, and the language of Section 43-19-101(6) which requires *reasonable* medical support. Once again, Section 93-9-7 states that the father of an illegitimate child must pay reasonable medical expenses to the

same extent as the father of a child born of lawful matrimony. The correct interpretation of these statutes demonstrates how the provisions compliment each other, rather than conflict with each other.

¶17. There is no reason to conduct a constitutional analysis of Section 93-9-7 on equal protection grounds because the chancellor simply did not hold that the provision violated the Equal Protection Clause of the Fourteenth Amendment. Additionally, at no point did either party argue the constitutionality of Section 93-9-7 below. Therefore we decline to address any of the parties' arguments as to the constitutionality of the provision. *See **Estate of Patterson v. Patterson***, 798 So.2d 347, 351 (Miss. 2001); ***Pickens v. Donaldson***, 748 So.2d 684, 692 (Miss. 1999).

¶18. The chancellor arrived at a permissible result under Section 93-9-7 and other statutory child support provisions, and we may only reverse the chancellor's findings when "the chancellor was manifestly wrong, clearly erroneous, or applied the wrong legal standard." ***Miss. Dep't of Human Servs. v. Murr***, 797 So. 2d 818, 820 (Miss. 2000). The chancellor applied the correct standard, and there is no basis upon which to reverse his determinations.

¶19. Therefore, we affirm the chancellor's September 24 Order of Filiation and the November 15 Order.

> **II.     Whether the chancellor erred in ruling that Ms. Dobbins was responsible for half of the Child's past and future medical bills.**

¶20. Ms. Dobbins' second issue on appeal basically restates her foundation argument from the first issue - that Mr. Coleman should be required to pay all past, present, and future

8

medical bills. Again, Mississippi Code Annotated Section 93-9-7 clearly permits some division of the financial burden for a child born out of wedlock because the father of a child born out of lawful matrimony "is liable to the same extent as the father of a child born of lawful matrimony." Mr. Coleman's liabilities are not automatically greater or less simply because his child was born out of lawful matrimony. Assigning the financial responsibility for the child's medical expenses is properly left to the chancellor. Because the chancellor's decision was not manifestly wrong or clearly erroneous based on the record, we affirm the September 24 Order of Filiation and November 15 Order.

### III. Whether the chancellor abused his discretion in awarding Ms. Dobbins' attorney's fees against Mr. Coleman.

¶21. On cross-appeal, Mr. Coleman argues that the chancellor's award of attorney's fees to Ms. Dobbins pursuant to Mississippi Code Annotated Section 93-9-45 was both unconstitutional under the Equal Protection Clause of the Fourteenth Amendment and unreasonable in light of the facts. The first claim is procedurally barred, while the second claim is without merit.

¶22. Section 93-9-45 of the Mississippi Uniform Law on Paternity controls the awarding of the petitioner's court costs and attorney's fees against a defendant after the entry of an Order of Filiation and states:

> If the court makes an order of filiation, declaring paternity and for the support and maintenance, and education of the child, court costs, including the cost of the legal services of the attorney representing the petitioner, expert witness fees, the court clerk, sheriff and other costs shall be taxed against the defendant.

9

¶23. Mr. Coleman's claim regarding this provision's unconstitutionality is procedurally barred for failure to raise the issue in the court below. At no point did Mr. Coleman ever argue that Section 93-9-45 violated the Equal Protection Clause of the Fourteenth Amendment on the basis of sex. As such, we will not review this assignment of error. *See Patterson*, 798 So.2d at 351; *Pickens*, 748 So.2d at 692.

¶24. Mr. Coleman's second claim - that the attorney's fees awarded to Ms. Dobbins were unreasonable - is without merit. Section 93-9-45 provides that when an Order of Filiation is entered by the court, the defendant will be assessed "the cost of the legal services of the attorney representing the petitioner . . . ." Here, the chancellor entered an Order of Filiation on September 24, 2004, with respect to the petitioner, Ms. Dobbins, and the defendant, Mr. Coleman. The chancellor, in his November 15 Order, held that the attorney's fees incurred by Ms. Dobbins were reasonable and were to be paid by Mr. Coleman.

¶25. While the awarding of attorney's fees and costs appears automatic pursuant to the statute, we have held that those fees must be reasonable. *R.E. v. C.E.W.*, 752 So.2d 1019, 1028 (Miss. 1999). The record in this case includes a detailed Attorney's Report of Fees Incurred for Nita Elaine Snyder Dobbins with an itemization of all charges and expenses related to this paternity action, an employment contract, and affidavits from two attorneys practicing in DeSoto County as to the usual and customary fees charged by attorneys in domestic relations cases in the community.[2] In his opinion, the chancellor noted, "[t]he

[2]A third affidavit concerning the reasonableness of Ms. Dobbins' attorney's fees was provided by H.R. Garner, counsel for Ms. Dobbins. Because of the potentially self-serving nature

10

attorney's fees are reasonable, and the statute also says that the future father shall pay attorney fees if they are reasonable and they are granted. He shall pay them."

¶26. This Court "will not disturb the factual findings of a chancellor when supported by substantial evidence unless the Court can say with reasonable certainty that the chancellor abused his discretion, was manifestly wrong, clearly erroneous or applied an erroneous legal standard." *Cummings v. Benderman*, 681 So.2d 97, 100 (Miss. 1996). The chancellor's decision to award attorney's fees pursuant to Section 93-9-45 cannot be characterized as an abuse of discretion, manifestly wrong, or clearly erroneous.

¶27. Mr. Coleman's reliance on *Clark v. Whiten*, 508 So.2d 1105 (Miss. 1987) and *McKee v. McKee*, 418 So.2d 764 (Miss. 1982), is misplaced. *Clark* involved a jury's, rather than a judge's, awarding of attorney's fees without any evidence such as the reasonableness of the hourly rate charged by the petitioner's attorneys. *Clark*, 508 So.2d at 1108-09. In contrast, the fees charged by Ms. Dobbins' attorney fall within the customary charge in the community, as explained in two attorney affidavits. In *McKee*, we found that fees based on an estimated 850 hours worked on the case were too speculative to support an award of attorney's fees. *McKee*, 418 So.2d at 766-67. Here, the chancellor was provided with an itemized account of all of Ms. Dobbins' attorney's fees and charges. Given the substantial evidence supporting the chancellor's award of attorney's fees to Ms. Dobbins, we decline to disturb the chancellor's findings. Mr. Coleman's assignment of error fails on the merits.

---

of this third affidavit, we decline to consider it when assessing the "reasonableness" issue.

**CONCLUSION**

¶28.  Contrary to the opinions expressed by the parties, the chancellor did not declare Mississippi Code Annotated Section 93-9-7 on the obligations of an illegitimate child's father to be unconstitutional.  The chancellor merely stated that an inaccurate interpretation of the statute making the father solely responsible for all of his child's medical expenses would violate equal protection laws under the Mississippi Uniform Law on Paternity.  Under the statutory scheme for establishing child support, as well as this Court's jurisprudence, the chancellor made a permissible division of the financial responsibility for medical expenses between both parents.  Because the chancellor applied the correct standard and his determination was neither manifestly wrong nor clearly erroneous, this Court affirms the disposition.

¶29.  Mr. Coleman never raised the issue of the constitutionality of awarding attorney's fees under Section 93-9-45 before the trial court, so we are procedurally barred from reviewing that assignment of error.  Finally, the record does not support Mr. Coleman's assertion that Ms. Dobbins' attorney's fees were unreasonable.  Therefore, we also affirm the chancellor's award of Ms. Dobbins' attorney's fees against Mr. Coleman.

¶30.  **AFFIRMED.**

**SMITH, C.J., WALLER, P.J., EASLEY, CARLSON AND GRAVES, JJ., CONCUR. COBB, P.J., DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**